■ FANNY HENIGSBERG, Respondent, v. MACROSE REALTY CORP. et al., Appellants, et al., Defendant.— Order, Supreme Court, Bronx County, entered June 11, 1971, granting plaintiff's motion to restore the action to the trial calendar is unanimously reversed, on the law, the facts and in the exercise of discretion, and the plaintiff's motion is denied. Appellants shall recover of respondent $30 costs and disbursements of this appeal. This action was placed on the calendar on November 12, 1969 by serving and filing a note of issue without a statement of readiness. The action was stricken from the calendar on November 12, 1970 since the statement of readiness was not filed within one year from the date of the filing of the note of issue, as required under the court rules (22 NYCRR 660.4[d]). By motion returnable April 20, 1971, the plaintiff sought an order permitting the filing of a statement of readiness and restoring the action to the trial calendar. That motion was denied with leave to renew upon papers including a proper affidavit of merits and statement of readiness. Thereafter, this second motion to restore the case to the calendar was brought. We believe the papers in support of the motion were insufficient. Although the motion was brought prior to dismissal of the action (CPLR 3404), nevertheless, under the rules of the court, a motion to restore an action to the calendar must be supported " by affidavit showing that there is merit to the action; the reasons for the acts or omissions which led to the action being struck from the calendar ". The affidavit of merits submitted was patently insufficient, plaintiff having failed to set forth any factual basis to establish that there is merit to the action. The affidavit merely stated in conclusory language that plaintiff "was caused to fall as a result of the negligent maintenance of the said Courtyards and that the same was in a defective, broken, condition with a sharp drop therein * * *." Such statement does not set forth any evidentiary facts upon which the court could evaluate the nature of the condition, the negligence attributable to defendants, how the accident happened and the relationship of this plaintiff to the defendants. On this record "one cannot glean the nature of the accident or the manner in which it occurred, let alone determine whether there is merit to the cause of action." (*Rist* v. *234 East 33rd Corp.*, 4 A D 2d 867.) Accordingly, the motion to restore the action to the calendar should be denied. It is urged, however, that insofar as defendant Macrose Realty Corp. is concerned, its appeal must be dismissed since it did not submit any papers at Special Term in opposition to the motion. This contention is without merit in these circumstances, since the motion was in fact opposed and the order was not entered upon default. Hence, the appeal by Macrose Realty is proper. Concur — McGivern, J. P., Murphy, Steuer, Tilzer and Eager, JJ.