■ DEBORAH C. MONAHAN, an Infant, by Her Parent and Natural Guardian, VINCENT MONAHAN, et al., Respondents, v FABIAN J. FIORE, Appellant, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., which was dismissed pursuant to CPLR 3404, defendant Fiore appeals from an order of the Supreme Court, Queens County, dated December 6, 1978, which granted plaintiffs' motion to vacate the dismissal of the action and restore the action to the Trial Calendar. (By order dated May 14, 1979 the appeal of codefendants Klosowski was dismissed by this court.) Order reversed, on the law, without costs or disbursements, and motion denied. In our opinion, plaintiffs failed to make the requisite showing of facts sufficient to excuse their delay in prosecution and to establish a meritorious cause of action (see Casamassina v Sutton Assoc., 54 AD2d 682). The record reveals that the accident occurred on March 8, 1971, the action was commenced in May, 1972, issue was joined during the following month, and plaintiffs' note of issue and statement of readiness was filed on November 14, 1974, together with an application for a trial preference. However, on April 7, 1975, the original firm engaged by plaintiffs' attorney as trial counsel had the case voluntarily removed from the Trial Calendar allegedly on the ground that the medical investigation to establish a causal relationship between the accident and the infant plaintiff's claim of traumatic epilepsy, could not be completed before the case was reached for trial. On April 8, 1976 the clerk marked the case "dismissed" because a year had elapsed since it was marked off the calendar and it had not been restored during that period (see CPLR 3404). The within motion to restore the case was brought by plaintiffs on November 10, 1978. The alleged excuses for the delay of three and one-half years between the marking of the case off the Trial Calendar and the instant motion to restore, are (1)

settlement negotiations commenced before the case was marked off the calendar continued until six months thereafter when they were unsuccessfully terminated, and (2) the medical investigation into the causal connection between the accident and infant plaintiff's traumatic epilepsy was delayed during settlement negotiations, and the finalization of such investigation was further delayed by certain difficulties between plaintiffs' original trial counsel firm and the partner handling the case, which resulted in the latter's resignation from the firm in October, 1976. We find such reasons insufficient either to refute the presumption of abandonment or to reasonably explain the delay (cf. *Peterson v Motor Sales Co. of Kingsport,* 35 AD2d 847, 848). That settlement negotiations have occurred between representatives of both the opposing parties, is sometimes a reasonable excuse for not taking any particular action while the negotiations are pending (cf. *Tactuk v Freiberg,* 24 AD2d 503). Such excuse, however, ceases to have effect within a brief interval after the last communication *(Sortino v Fisher,* 20 AD2d 25, 29; cf. *Mathews v Harford,* 63 AD2d 759; *Andreano v Testa,* 64 AD2d 1019). Accepting the argument of plaintiffs' attorney that settlement negotiations accounted for part of the delay, according to the admission of the attorney who submitted the moving affidavit, such negotiations were terminated without a settlement being reached approximately 37 months before the motion to restore was made. We are also of the opinion that the alleged internal difficulties of the firm retained as plaintiffs' trial counsel were insufficient to justify any or all of the three and one-half year hiatus between the removal of the case from the calendar and the motion to restore it thereto. Excuses for avoidable delay are insufficient which merely lay the delay at the door of the plaintiff, his lawyer of record, his trial counsel, other associated counsel or employees of any of the lawyers *(Sortino v Fisher, supra,* p 29; *Renne v Roven,* 29 AD2d 866). Finally, plaintiffs have failed to show the existence of a meritorious cause of action. The only proof submitted to support the motion was the affidavit of the attorney who was assigned to the case by plaintiffs' record trial counsel firm some five years and seven months after the date of the accident, and one year and six months after it was voluntarily removed from the Trial Calendar. Obviously, he had no personal knowledge of the facts underlying the plaintiffs' claims. An affidavit of merit must be made by a party or another person with knowledge of the facts. An affidavit or affirmation of the attorney is hearsay and of no probative value (cf. *Lifset v Ehrlich,* 61 AD2d 1063; *Andreano v Testa, supra; Callahan v International Term. Operating Co.,* 36 AD2d 531). O'Connor, J. P., Lazer, Gulotta and Mangano, JJ., concur.