■ ANTHONY J. CONDURSO et al., Respondents, v PAUL J. THUMSUDEN et al., Appellants. — In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated March 19, 1981, which granted plaintiffs' motion to vacate a prior order of dismissal and to restore the case to the Trial Calendar. Order reversed, on the law, with $50 costs and disbursements, and motion denied. This is an action to recover damages, *inter alia,* for personal injuries sustained by plaintiff, Anthony Condurso, in an automobile accident which occurred on March 8, 1975. Joann Condurso seeks damages for loss of consortium. The summons and complaint were served on or about April 9, 1975. On February 7,

1977 the case appeared on the calendar for pretrial conference. The case was marked off the calendar due to the failure of plaintiffs' counsel to appear at the conference. No attempt was made to restore the action to the calendar, and, on January 17, 1980, the action was dismissed pursuant to CPLR 3404. A judgment dismissing the action was entered on January 30, 1980. On January 16, 1981, the plaintiffs moved to vacate the order of dismissal and restore the case to the Trial Calendar. In support of the motion it was asserted that plaintiffs' counsel had not been notified, by postcard, of the scheduled pretrial conference. Moreover, correspondence between the attorneys which took place after the case was marked "off" the calendar (letters dated September 14, 1977 and January 9, 1978) demonstrated that neither party considered the action abandoned. Included in plaintiffs' motion papers was an affidavit of merit signed by plaintiff Anthony Condurso. The motion was granted, over defendants' opposition, and the instant appeal ensued. CPLR 3404 provides: "A case in the supreme court or a county court marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order." Where a case has been dismissed pursuant to CPLR 3404, the plaintiffs may move to vacate the default, and restore the action to the Trial Calendar. Such a motion must be accompanied by a showing that the plaintiffs did not intend to abandon the action (see *Marco v Sachs,* 10 NY2d 542). In addition, the plaintiffs must include the same kind of proof normally associated with a motion to open a default, to wit, proof of merit, lack of prejudice to the opposing party, and excusable default *(Le Frois Foods Corp. v Aetna Ins. Co.,* 74 AD2d 730). In the instant case, the plaintiffs have failed to demonstrate excusable neglect. It is undisputed that on February 7, 1977 the case appeared in the *Law Journal* on the Pretrial Calendar for the Supreme Court, Suffolk County. The plaintiffs' failure to appear on that date can only be characterized as law office failure. Moreover, while the action, had it not been dismissed, would have appeared on the Trial Calendar in 1979 or early 1980, the plaintiffs made no attempt to ascertain its status. Finally, the plaintiffs, although informed that the action had been dismissed in January, 1980, made no attempt to have the action restored until nearly a year thereafter. In the circumstances, Special Term erred in vacating the dismissal and ordering the case restored. Hopkins, J. P., Gibbons, Rabin and Cohalan, JJ., concur.