■ NANCY E. BAUMGARTNER et al., Respondents, v FOODARAMA SUPERMARKETS, INC., Doing Business as SHOP RITE SUPERMARKETS, Appellant, et al., Defendant. — In an action to recover damages for false imprisonment, defendant Foodarama Supermarkets, Inc., appeals from an order of the Supreme Court, Suffolk County (Orgera, J.), entered July 31, 1981, which granted plaintiffs' motion to restore the action to the Trial Calendar. Order reversed, without costs or disbursements, and motion denied with leave to plaintiffs to renew their motion upon proper papers, should they be so advised. A motion to restore an action to the calendar must be supported by affidavits showing an excuse for the delay in prosecution and demonstrating the merits of the action (see *Monahan v Fiore,* 71 AD2d 914; 22 NYCRR 675.5). Plaintiffs explained that their failure to timely move to restore this action to the calendar was due to pretrial activity in the nature of discovery proceedings, motion practice, and amendment of pleadings generated by defendant Foodarama (see *Sortino v Fisher,* 20 AD2d 25, 29). However, there was no affidavit of merits submitted by an individual with personal knowledge of the evidentiary facts underlying plaintiffs' action (see *Barasch v Micucci,* 49 NY2d 594, 599). Under the circumstances, considering the voluntary striking of the action from the calendar in the first instance (see *Walsh v Hanson,* 58 AD2d 958) and the fact that the striking was done with leave to the plaintiffs to restore, plaintiffs should be afforded a further opportunity to demonstrate a meritorious cause of action (see *Hummeil v Belanich,* 63 AD2d 802; *Williams v Giattini,* 49 AD2d 337). Accordingly, the motion is denied without prejudice to its renewal upon proper papers should plaintiffs be so advised. Lazer, J. P., Gibbons, Cohalan and Bracken, JJ., concur.