■ JUNE RICHEL, Respondent, v BROOKDALE HOSPITAL MEDICAL CENTER et al., Appellants, et al., Defendants. — In a medical malpractice action, Dr.

Morton Farber appeals, and defendant Brookdale Hospital Medical Center appeals as limited by its brief, from so much of an order of the Supreme Court, Kings County (Monteleone, J.) dated May 21, 1981, as granted plaintiff's motion to restore the instant action to the Trial Calendar. Order reversed, insofar as appealed from, on the law, with one bill of $50 costs and disbursements, and plaintiff's motion to restore the action to the Trial Calendar is denied. It was an improvident exercise of discretion for Trial Term to restore the action to the Trial Calendar. Plaintiff's failure to appear to pick a jury due to the failure of her attorney to mark the date in the law firm's diary must be deemed law office failure (see *Quick-Way Excavators v Overmyer Co.*, 44 AD2d 740). In addition, plaintiff failed to produce an affidavit from a medical expert to establish that she has a meritorious cause of action. Inasmuch as plaintiff has failed to show a reasonable excuse for her original default and delay in prosecution, and has failed to show that she has a meritorious cause of action (see *Barasch v Micucci*, 49 NY2d 594; *Higgins v County of Nassau*, 76 AD2d 881; *Monahan v Fiore*, 71 AD2d 914; 22 NYCRR 675.5 [b]), the motion to restore the action to the calendar must be denied. Thompson, J. P., Brown, Niehoff and Boyers, JJ., concur.