■ JOHN CATALFAMO, Respondent, v FLUSHING NATIONAL BANK et al., Appellants, and CARAT CONTRACTING CO., INC., Defendant and Third-Party Plaintiff-Appellant. DRA-GAM CONSTRUCTION COMPANY, Third-Party Defendant; HABER AND HENRY, INC., Third-Party Defendant-Appellant. — In a negligence action to recover damages for personal injuries, etc., defendants and the third-party defendant Haber and Henry, Inc., appeal from an order of the Supreme Court, Queens County (Santucci, J.), dated February 22, 1982, which granted the plaintiff's motion to restore the action to the Trial Calendar. Order reversed, on the law, with one bill of $50 costs and disbursements, and motion denied. The instant case was marked off the Trial Calendar on January 6, 1981 due to the nonappearance of plaintiff's counsel and was not restored within one year. Consequently, the action should be deemed abandoned pursuant to CPLR 3404 (see *Sanick v Schauder*, 15 AD2d 801). Moreover, while the foregoing rule "suggests a presumption rather than a fixed and immutable policy of dismissal" (*Marco v Sachs*, 10 NY2d 542, 550), plaintiff has failed to rebut that presumption, e.g., by demonstrating the existence of pretrial activity during the intervening year (see *Marco v Sachs, supra; Morhaim v Morhaim*, 81 AD2d 790; *Keller v Finnerty*, 78 AD2d 635; *Monahan v Fiore*, 71 AD2d 914; cf. *General Staple Co. v Amtronics, Inc.*, 81 AD2d 877, 878). In the affirmation in support of the plaintiff's motion, the only excuse offered for the 12-month delay in seeking to restore this action to the Trial Calendar is the fact that the office of plaintiff's counsel was following an incorrect calendar number. This excuse falls within the ambit of "law office failure" which has been uniformly held to be an unacceptable excuse for delay (see *Barasch v Micucci*, 49 NY2d 594; *Richel v Brookdale Hosp. Med. Center*, 87 AD2d 815; *Keller v Finnerty, supra; Higgins v County of Nassau*, 76 AD2d 881; see, also, *Eaton v Equitable Life Assur. Soc. of U. S.*, 56 NY2d 900). "Excuses for avoidable delay are insufficient which merely lay the delay at the door of the plaintiff, his lawyer of record, his trial counsel, other associated counsel or employees of any of the lawyers" (*Monahan v Fiore, supra*, p 915). Having failed to make the requisite

showing of facts sufficient to excuse the delay in the prosecution of this action, plaintiff's motion to restore the case to the Trial Calendar should not have been granted (see *Richel v Brookdale Hosp. Med. Center, supra; Keller v Finnerty, supra; Higgins v County of Nassau, supra; Monahan v Fiore, supra*). Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.