■ BENJAMIN P. MONACELLI, as Administrator of the Estate of JOSEPH MONACELLI, Deceased, Respondent, v BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF CITY OF MT. VERNON, Appellant. — In a wrongful death action, defendant appeals from an order of the Supreme Court, Westchester County (Gagliardi, J.), entered January 29, 1982, which granted plaintiff's motion to restore the action to the Trial Calendar and denied defendant's cross motion to dismiss the complaint pursuant to CPLR 3404. Order reversed, on the law, without costs or disbursements, motion denied, and cross motion granted. According to the complaint, on February 7, 1977, plaintiff's son, Joseph Monacelli, a student at Mt. Vernon High School, Mt. Vernon, New York, fell on an icy sidewalk by the entranceway to the school. Joseph died as a result of injuries suffered in the fall. This suit for wrongful death was commenced in April, 1978, with issue being joined the following month. On July 19, 1979, plaintiff filed a note of issue and a statement of readiness. Defendant's motion to strike the case from the calendar, for failure to complete discovery, was granted by order dated September 11, 1979 (Cerrato, J.). A subsequent motion brought by plaintiff to restore the case to the calendar was denied by order entered February 19, 1980 (Gagliardi, J.), with leave to renew "upon completion of all pre-trial discovery and upon papers complying fully with 22 NYCRR 675.5". There was some activity in the case during the remainder of 1980. According to plaintiff's attorney, all the required discovery was completed by December of 1980. In October, 1981, plaintiff's attorney moved to restore the case to the calendar. He explained, in an affidavit, replying to defendant's cross motion to dismiss

the complaint, that the reason for the 10-month delay between December, 1980, and October, 1981, was an "unfortunate misunderstanding in my office to the effect that since a calendar number was present in the file, it was assumed that the matter was already on the trial calendar awaiting an actual trial date". A motion to restore a case to the calendar brought more than one year after the case has been struck from the calendar must not only comply with the requirements set forth in our rules (22 NYCRR 675.5), but must also be accompanied by a showing that the plaintiff did not intend to abandon the action (CPLR 3404; see *Marco v Sachs*, 10 NY2d 542). Furthermore, the plaintiff must provide proof that his case has some merit, that his opponent has not been prejudiced by the delay, and that his tardiness is reasonably excused (*Spodek v Lasser Stables*, 89 AD2d 892; *McInerney v Bently Inds.*, 87 AD2d 644; *Condurso v Thumsuden*, 84 AD2d 802; *Incorporated Vil. of Thomaston v Biener*, 84 AD2d 781; *Shea v City of New York*, 77 AD2d 21; *Horn v Schenck Transp. Co.*, 65 AD2d 589). In this case, plaintiff has failed to show excusable neglect. The failure to move to restore the case to the calendar when discovery was completed in December, 1980, resulting in a 10-month hiatus, can only be termed law office failure (see *McInerney v Bently Inds., supra; Condurso v Thumsuden, supra; Monahan v Fiore*, 71 AD2d 914). Nor has plaintiff provided an adequate showing of merit. An affidavit from an attorney without direct knowledge of the incident is of no value (*Monahan v Fiore, supra*). No explanation has been given as to why an affidavit from one of the witnesses of the accident was not provided the court or why some evidence of the condition of the sidewalk at the time the deceased fell was not part of the moving papers. In addition, the statements made by plaintiff's attorney on the issue of liability are not only from an incompetent source but are also conclusory in nature, merely parroting the allegations of the complaint (see *Henigsberg v Macrose Realty Corp.*, 39 AD2d 677). In these circumstances, Special Term erred in ordering the case restored to the calendar. The complaint should be dismissed. Lazer, J. P., Gibbons, Thompson and Weinstein, JJ., concur.