■ CHARLES KOFMAN, Appellant, v CONSOLIDATED EDISON CORP. et al., Respondents. — In an action to, *inter alia,* recover damages sustained as a result of defendants' alleged interference with plaintiff's electrical service, plaintiff appeals from an order of the Supreme Court, Kings County (Monteleone, J.), dated June 7, 1982, which denied his motion to restore the action to the Trial Calendar. Order reversed, without costs or disbursements, and matter remitted to the Supreme Court, Kings County, for a determination of plaintiff's motion in accordance with 22 NYCRR 752.4(b) and 752.5. On June 2, 1981, upon plaintiff's default in appearance at the call of the Trial Calendar, this action was stricken from the calendar. On or about May 3, 1982, within one year of the date that the case was marked off the calendar, plaintiff moved for an order restoring it to the Trial Calendar. Trial Term misconstrued plaintiff's motion as one to restore the action to the Trial Calendar after a dismissal pursuant to CPLR 3404, which requires a defaulting plaintiff to demonstrate excusable neglect and a meritorious cause of action (see *Richel v Brookdale Hosp. Med. Center,* 87 AD2d 815; *Higgins v County of Nassau,* 76 AD2d 881; *Monahan v Fiore,* 71 AD2d 914). Plaintiff's motion should have been determined in accordance with the rules of the Supreme Court, Kings County, which govern the opening of defaults in appearance at the call of the calendar (22 NYCRR 752.5) and the restoration of an action to the calendar (22 NYCRR 752.4 [b]). Those rules permit Trial Term, Part I, to open a default in appearance at the call of a calendar and permit the restoration of an action to the Trial Calendar "upon good cause shown and upon such terms as to costs and upon such other conditions as the court may impose" (22 NYCRR 752.4 [b]; 752.5; cf. 22 NYCRR 675.5). A finding by the court that a default in appearance was attributable to law office failure does not preclude a finding of good cause shown. Evidence indicating that a moving party did not intend to abandon the prosecution of the action and that there is no prejudice to the nonmoving party in the event of restoration, are relevant factors which may be considered in determining whether good cause has been demonstrated. Mangano, J. P., Bracken, Brown and Boyers, JJ., concur.