■ KATHERINE PIRNAK, Respondent, v MICHAEL J. SAVINO et al., Appellants, et al., Defendant. — In a negligence action to recover damages for personal injuries, etc., defendants Michael Savino, Thomas Savino and Savco Holding Company appeal from an order of the Supreme Court, Queens County (Graci, J.), dated August 4, 1982, which granted plaintiff's motion to vacate the dismissal of this action pursuant to CPLR 3404 and to restore the action to the Trial Calendar. Order modified, as a matter of discretion, by adding thereto a provision conditioning the granting of the motion upon payment of $750 personally by plaintiff's attorney to the appellants. As so modified, order affirmed, without costs or disbursements. Plaintiff's attorney's time to comply with this condition is extended to 15 days after service upon plaintiff's attorney of a copy of the order to be made hereon, with notice of entry. When

plaintiff prematurely filed a note of issue, appellants moved to strike the case from the Trial Calendar in order to conduct pretrial disclosure. By order dated August 5, 1980, the Supreme Court granted the motion, struck the case from the calendar and directed plaintiff to appear at an examination before trial and to submit to a physical examination by a doctor to be chosen by the appellants. The order also specified that upon completion of pretrial proceedings the matter could be restored to the Trial Calendar. The physical examination was conducted in September, 1980, and the deposition was completed on October 27, 1980. However, when plaintiff failed to restore the matter to the Trial Calendar, it was dismissed by the clerk of the court in August, 1981. No further activity was undertaken in the case until April, 1982, when appellants served the plaintiff with a copy of the judgment dismissing the complaint. Thereafter, in June, 1982, plaintiff moved to vacate the judgment and to restore the case to the Trial Calendar. Trial Term granted the motion. When a plaintiff fails to restore a case to the Trial Calendar within one year after it was marked off the calendar, there is a presumption that the action was abandoned (CPLR 3404; *Marco v Sachs,* 10 NY2d 542, 550). On a subsequent motion to vacate the dismissal and to restore the case to the calendar, plaintiff must provide proof that the case has merit, that the adversary has not been prejudiced by the delay, and that the delay is reasonably excused (*Catalfamo v Flushing Nat. Bank,* 91 AD2d 967; *McInerney v Bently Inds.,* 87 AD2d 644). In this case, plaintiff demonstrated a meritorious cause of action: she allegedly slipped on a wet floor in a common area of an apartment building owned by her landlord. Moreover, there is no indication of prejudice to the appellants. In any case, the action was stricken from the Trial Calendar, with leave to the plaintiff to restore after completion of pretrial proceedings (see *Baumgartner v Foodarama Supermarkets,* 86 AD2d 590). Although the delay might be attributable in part to law office failure, the existence of pretrial activity suggests an intent not to abandon the action. Considering the new statute (CPLR 2005, L 1983, ch 318), we conclude that the presumption of abandonment was sufficiently rebutted and we cannot say that Trial Term erred in restoring the matter to the Trial Calendar. Nevertheless, we have fixed an appropriate sanction for plaintiff's attorney's conduct. Lazer, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.