■ GARY FLUMAN, Individually and as Administrator of the Estate of THE-RESA FLUMAN, Deceased, Appellant, v TSS DEPARTMENT STORES, Defendant and Third-Party Plaintiff-Respondent. ADVANCED CLEANERS, Third-Party Defendant-Respondent. — In an action to recover damages for personal injuries and wrongful death, Gary Fluman, individually and as administrator of the estate of his wife Theresa Fluman, appeals from (1) an order of the Supreme Court, Nassau County (Roncallo, J.), dated March 15, 1983, which denied his motion to restore the action to the Trial Calendar and (2) an order of the same court dated April 25, 1983, which denied his motion, in effect, for reargument. ¶ Appeal from the order dated April 25, 1983, dismissed, without costs or disbursements. No appeal lies from an order denying reargument (see *Matter of Kingsbrook Jewish Med. Center v Katz, Waisman, Weber, Strauss, Blumenkrans, Bernhard,* 37 AD2d 518, affd 29 NY2d 854). ¶ Order dated March 15, 1983, affirmed, without costs or disbursements. ¶ Although the underlying motion was decided as the law existed prior to the enactment of CPLR 2005 (L 1983, ch 318), there was no abuse of discretion in refusing to restore the case to the Trial Calendar. ¶ The case was marked off the calendar on February 1, 1982, at plaintiff's request, to permit substitution of himself as administrator of his wife's estate and enlargement of the complaint to assert a cause of action for wrongful death. The action was deemed abandoned and was automatically dismissed on February 1, 1983 pursuant to CPLR 3404. Plaintiff's motion to restore the case to the calendar was supported solely by his attorney's affidavit as well as his own, which averred that he "ha[d] been informed and verily believe[d] that the Estate ha[d] a good and meritorious cause of action" against defendant and that he would "succeed in obtaining a favorable verdict * * * on the basis of the information contained in [his] attorneys [*sic*] file". ¶ It is well settled that once an action has been dismissed under CPLR 3404, a motion to open the default and restore the case to the calendar will require the same kind of proof of merit, of lack of prejudice to the opposing party and of excusable neglect as must be shown to open a default judgment (see *Marco v Sachs,* 10 NY2d 542; *Baumgartner v Foodarama Supermarkets,* 86 AD2d 590; *Horn v Schenck Transp. Co.,* 65 AD2d 589; *Ruggiero v Elbin Realty,* 51 AD2d 1011; 22 NYCRR 675.5). The application in this case fell far short of such proof. ¶ Not only was the motion not accompanied by an evidentiary affidavit of merit by a person having personal knowledge of the facts — even plaintiff's affidavit was based on pure hearsay — but no adequate excuse was offered to explain the delays in having plaintiff appointed administrator, in moving to substitute himself in the action as administrator and to amend the complaint, and in waiting to move to restore the case to the calendar even though plaintiff knew of the one-year time limit imposed by CPLR 3404. Under the circumstances, it cannot be claimed that these unexplained delays in an action arising from an alleged fall in June, 1977, and not commenced until December, 1978, did not prejudice defendant. Titone, J. P., O'Connor, Brown and Eiber, JJ., concur.