■ JOAN MASELLA, Appellant, v JOHN MASELLA, Respondent. — In a matrimonial action, the plaintiff wife appeals from so much of an order of the Supreme Court, Westchester County (Palella, J.), dated December 31, 1984, as denied that branch of her motion which was for a preliminary injunction enjoining the defendant husband from selling or transferring his interest in a business and building.

Order affirmed, insofar as appealed from, with costs.

We agree with Special Term that under the facts at bar plaintiff has failed to establish a sufficient basis to warrant the issuance of a preliminary injunction. Mollen, P. J., Titone, O'Connor and Rubin, JJ., concur.

■ MIKAEL NEVRUZOGLU, Respondent, v OTSEGO MUTUAL FIRE INSURANCE COMPANY, Appellant. — In an action to recover under a policy of insurance for a burglary loss, defendant appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated May 22, 1984, which granted plaintiff's motion to vacate the dismissal of its complaint and restore the action to the Trial Calendar.

Order affirmed, with costs.

Special Term did not abuse its discretion in restoring this case since plaintiff never intended to abandon the action, but rather, delayed due to his belief that further pretrial discovery remained (*see,* CPLR 3404; *Marco v Sachs,* 10 NY2d 542). In addition to establishing a reasonable excuse for his delay, plaintiff demonstrated a lack of any significant prejudice to defendant and the existence of a meritorious claim (*see,* 22 NYCRR 675.5; *Monacelli v Board of Educ.,* 92 AD2d 930). O'Connor, J. P., Weinstein, Brown and Kunzeman, JJ., concur.

■ JEROME REISMAN, Appellant, v IRIS THEODORE, Respondent. — In an action to recover attorney's fees allegedly owed, plaintiff appeals from an order of the Supreme Court, Nassau County (Becker, J.), dated January 10, 1984, which denied his motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.

Order affirmed, with costs.

Parties to an action have the absolute right to settle, in good faith, before or after judgment and, if the settlement is reached after judgment, an attorney's contingent fee is then based on the proceeds of the settlement (*see, Matter of Levy,* 249 NY 168). There is no evidence of bad faith on defendant's part. Since the record reveals that plaintiff has already received adequate compensation for the services rendered, the complaint was properly dismissed. O'Connor, J. P., Weinstein, Brown and Kunzeman, JJ., concur.