■ HENRY ROEDER et al., Respondents, v ALLSTATE INSURANCE COMPANY, Appellant.—In an action to recover on a fire insurance policy, defendant appeals from an order of the Supreme Court, Orange County (Dickinson, J.), entered December 14, 1984, which granted plaintiffs' motion to restore this matter to the Trial Calendar.

Order modified, as a matter of discretion, by adding thereto a provision conditioning the granting of the motion upon payment of $500 personally by plaintiffs' attorneys to the appellant. As so modified, order affirmed, without costs or disbursements. Plaintiffs' attorneys' time to comply with this condition is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. In the event the condition is not complied with, then order reversed, as a matter of discretion, with costs, and motion denied.

In May 1981, plaintiffs commenced this action to recover under a fire insurance policy. Issue was joined in June 1981 and plaintiff Helene Roeder submitted to an examination before trial in September 1982. Plaintiffs filed a note of issue and statement of readiness on December 28, 1982. Defendant obtained an order, dated February 15, 1983, striking the action from the calendar upon the ground that a further examination before trial of plaintiff Helene Roeder was necessary with respect to the real property damage and personal property loss. Plaintiffs' action was automatically dismissed pursuant to CPLR 3404. By notice of motion dated October 4, 1984, plaintiffs moved to restore the action to the Trial Calendar. Plaintiffs were granted leave to file a new note of

issue upon the completion of plaintiff Helene Roeder's further examination before trial and defendant's receipt of the executed transcript thereof.

Trial Term did not abuse its discretion in restoring this action to the Trial Calendar. Review of the record demonstrates the existence of a meritorious cause of action and defendant has failed to show prejudice *(see,* 22 NYCRR 675.5; *Fluman v TSS Dept. Stores,* 100 AD2d 838; *Monacelli v Board of Educ.,* 92 AD2d 930).

While prosecution of the action is plaintiffs' ultimate responsibility, it is significant that a portion of the delay causing this dismissal was the result of defendant's need and desire for further discovery *(see,* CPLR 3404; *Marco v Sachs,* 10 NY2d 542, *rearg denied* 11 NY2d 766). Therefore, such a delay should not be charged solely to plaintiffs *(see, Nevruzoglu v Otsego Mut. Fire Ins. Co.,* 111 AD2d 227).

However, plaintiffs have also set forth an additional cause of delay based upon law office failure. Considering the lapse of time and the nature of the explanation, we deem it appropriate to impose the sanction indicated above as a condition to restoring the action to the calendar *(see, Arndt v Merrick Shopping Center,* 103 AD2d 788; *Pirnak v Savino,* 96 AD2d 857). Gibbons, J. P., Bracken, Kunzeman and Kooper, JJ., concur.