■ STEPHEN COYLE et al., Respondents, v GARON PRODUCTS, INC., Defendant and Third-Party Plaintiff-Appellant. PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Third-Party Defendants-Appellants.—In a negligence action to recover damages for personal injuries, etc., defendant and third-party

plaintiff Garon Products, Inc. and third-party defendants Port Authority of New York and New Jersey and Mortell Co. separately appeal from an order of the Supreme Court, Nassau County (Kutner, J.), dated August 20, 1984, which granted plaintiffs' motion which, in effect, requested vacatur of the dismissal of this action pursuant to CPLR 3404 and restoration of the action to the Trial Calendar.

Appeal by third-party defendant Mortell Co. dismissed, without costs or disbursements, for failure to timely perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [b], [f]).

On appeals by defendant Garon Products, Inc. and third-party defendant Port Authority of New York and New Jersey, order modified, as a matter of discretion, by adding thereto a provision conditioning the granting of the motion upon payment of $500 personally by plaintiffs' attorney to each of the appellants Garon Products, Inc. and the Port Authority of New York and New Jersey. As so modified,, order affirmed, insofar as appealed from by Garon Products, Inc. and the Port Authority of New York and New Jersey, without costs or disbursements. The time to comply with the foregoing condition is extended until 20 days after service upon plaintiffs' attorney of a copy of the order to be made hereon, with notice of entry. In the event the condition is not complied with, then order reversed, insofar as appealed from, with one bill of costs to appellants Garon Products, Inc. and the Port Authority of New York and New Jersey, appearing separately and filing separate briefs, and motion denied as to Garon Products, Inc. and the Port Authority of New York and New Jersey.

Under the circumstances herein, Special Term did not abuse its discretion in restoring the action to the Trial Calendar. Nevertheless, due to the dilatory conduct of plaintiffs' attorney, we have imposed an appropriate sanction. Our decision is without prejudice to any motions promptly made by appellants Garon Products, Inc. and the Port Authority of New York and New Jersey, if they be so advised, for further discovery and physical examinations. Mollen, P. J., Mangano, Lawrence and Kooper, JJ., concur.