**COREEN GIAMMANCO** Individually and as Administratrix of the Estate of **JOSEPH GIAMMANCO**, Deceased, Respondent, v **CITY OF NEW YORK** et al., Appellants.

Under the rules of this court in effect at the time the plaintiff moved to restore this action to the Trial Calendar, the plaintiff was required to show "(1) the merits of the action; (2) the reasons for the acts or omissions wherefor it was struck from the calendar; and (3) good cause why it should be restored" *(see,* 22 NYCRR former 675.5 [b]; *see also, Fluman v ISS Dept. Stores,* 100 AD2d 838; *Pirnak v Savino,* 96 AD2d 857; *Monacelli v Board of Educ.,* 92 AD2d 930). The affidavit of the plaintiff and affirmation of her attorney were not sufficient to sustain this burden because they were conclusory, not based on personal knowledge and unsupported by any corroborative documents or evidence *(see, Harrison v Henderson,* 105 AD2d 730; *Rothenberg v Parkway Exterminating Co.,* 90 AD2d 497; *Monahan v Fiore,* 71 AD2d 914). It was therefore an abuse of discretion to grant the plaintiff's motion. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.