■ PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, as Administrator of the Estate of HAROLD GOLDSON, Deceased,

Respondent, v HEIL CORPORATION, Appellant. (And a Third-Party Action.)—In an action to recover damages for wrongful death, breach of express and implied warranties and strict liability in tort, the defendant appeals from an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered August 26, 1985, which granted the plaintiff's motion to restore the case to the Ready Trial Calendar after it had been marked off that calendar and to change the caption of the case so as to substitute the personal representative of the estate of the deceased plaintiff, and denied the defendant's cross motion to dismiss the action.

Ordered that the order is modified, on the law, by deleting the provisions thereof which granted that branch of the plaintiff's motion which was to restore the case to the Ready Trial Calendar and denied the defendant's cross motion to dismiss the action, and substituting therefor provisions denying that branch of the plaintiff's motion, granting the defendant's cross motion, and dismissing the action. As so modified, the order is affirmed, with costs to the appellant.

In order to prevail on his motion, the plaintiff's personal representative was required to show a reasonable excuse for not timely prosecuting his case, that the cause of action asserted was meritorious, and that the defendant would suffer no prejudice if his case was restored to the Trial Calendar (see, Fluman v TSS Dept. Stores, 100 AD2d 838). The motion papers fail to satisfy any of these requirements. An excuse for not timely proceeding was not established, the claim that a meritorious cause of action exists was set forth in a conclusory fashion without a scintilla of proof submitted in acceptable evidentiary form, and the question of possible prejudice to the defendant if the case is restored to the calendar was not even addressed by the movant. Under these circumstances, Trial Term erred in restoring the case to the calendar. Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.