■ JULIUS RIVERA, Appellant, v CAMBRIDGE MUTUAL INSURANCE COMPANY, Respondent.—In an action to recover on a policy of insurance, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Martin, J.), entered June 5, 1986, which denied his motion to restore his action to the Trial Calendar, and (2) an order of the same court, dated July 23, 1986, which denied his motion for reargument of the prior motion, which was denominated by him as a motion for renewal and reargument of the prior motion.

Ordered that the appeal from the order dated July 23, 1986 is dismissed; and it is further,

Ordered that the order entered June 5, 1986 is reversed, on the law, the motion to restore is granted and the matter is remitted to the Supreme Court, Westchester County, for further proceedings, and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff's action for recovery on a policy of insurance was stricken from the Trial Calendar when his attorney was unavoidably delayed in reaching the court and thus was absent during the calendar call. The plaintiff's timely motion to restore the action was denied, as was the plaintiff's subsequent motion to "renew and reargue".

The denial of the plaintiff's motion to restore was an abuse of discretion. The plaintiff provided a satisfactory explanation of why his attorney missed the calendar call and stated that he was ready for trial. The plaintiff did not intend to abandon

this action and the defendant suffered no prejudice *(see, Kofman v Consolidated Edison Corp.,* 93 AD2d 831).

The motion which the plaintiff denominated as one to "renew and reargue" the motion to restore is most accurately characterized as a motion solely to reargue as no new matters were raised which were previously unknown *(see, Mandy Pear v Duca Realty Corp.,* 81 AD2d 829). We have dismissed the appeal from the order denying the motion to reargue because such an order is not appealable *(see, Matter of Tetro v Plainview-Old Bethpage Cent. School Dist.,* 99 AD2d 814). Additionally, the reversal of the order made upon the plaintiff's initial motion has rendered discussion of the plaintiff's motion to reargue academic. Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.