■ BARBARA ROSSER, Appellant, v JOHN SCACALOSSI et al., Defendants and Third-Party Plaintiffs-Respondents. LESLIE BETZ, Third-Party Defendant-Respondent

It was not an improvident exercise of discretion for the Supreme Court to deny the plaintiff's motion to vacate the dismissal of this action pursuant to CPLR 3404. "It is well settled that once an action has been dismissed under CPLR 3404, a motion to open the default and restore the case to the calendar * * * require[s] proof of merit * * * lack of prejudice to the opposing party and * * * excusable neglect" *(Fluman v TSS Dept. Stores,* 100 AD2d 838; *see also, Paglia v Agrawal,* 124 AD2d 793, 794, *lv dismissed* 69 NY2d 946).

This action, which is based upon a February 15, 1978, automobile accident, was commenced on or about June 2, 1978. The case was marked "off calendar" on September 5, 1980, and on September 8, 1981, it was automatically dismissed pursuant to CPLR 3404. There was no activity initiated in the case by the plaintiff until the motion to restore it to the Trial Calendar in September 1986. Further, the plaintiff failed to show either a reasonable excuse for the extended delay or a lack of prejudice to the defendants.

On appeal, the plaintiff argues that the delay should be excused because the clerk failed to enter the certificate of dismissal. Dismissal pursuant to CPLR 3404 is automatic, and the entry of such a dismissal is merely ministerial *(see, Curtin v Grand Union Co.,* 124 AD2d 918; *3 Park Ave. Co. v New York City Educ. Constr. Fund,* 109 AD2d 656, 657). In any event, such a failure on the clerk's part offers nothing by way of a reasonable explanation for the extensive delay in the prosecution of this lawsuit *(see, Resto v Kohen,* 124 AD2d 722; *Romanoff v St. Vincent's Hosp. & Med. Center,* 97 AD2d 382).

Furthermore, the plaintiff failed to establish that restoration of the action after such a lengthy delay would not be unduly prejudicial to the defendants *(see, Rodriguez v Middle Atl. Auto Leasing, 122 AD2d 720, appeal dismissed 69 NY2d 874; Public Adm'r of County of N. Y. v Heil Corp., 126 AD2d 533).* Brown, J. P., Kunzeman, Spatt and Balletta, JJ., concur.