■ MARIE A. CONDRO et al., Respondents, v VIBHA A. JHAVERI et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants separately appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered March 3, 1988, which denied the motion of the defendant Jhaveri and the cross motion of the defendant Netti to dismiss the action and granted the plaintiffs' cross motion to restore the action to the Trial Calendar.

Ordered that the order is reversed, as a matter of discretion,

with one bill of costs, the motion of the defendant Jhaveri and the cross motion of the defendant Netti are granted, the plaintiffs' cross motion is denied, and the action is dismissed.

Each of the three plaintiffs was a passenger in an automobile operated by the defendant Netti when, on October 17, 1981, it was involved in an accident, apparently with a vehicle driven by the defendant Jhaveri. However, no evidentiary details as to how the accident occurred appear in the record before us. In May 1985 the plaintiffs served and filed a note of issue and statement of readiness but in December 1985 their attorney requested that the case be marked off the calendar. Because the plaintiffs made no application to restore the action to the Trial Calendar within one year thereafter, the action was automatically dismissed and presumptively abandoned (see, CPLR 3404; see also, Marco v Sachs, 10 NY2d 542, 550; Rosser v Scacalossi, 140 AD2d 318; Merrill v Robinson, 99 AD2d 578).

Asserting there had been no negotiations, correspondence or other litigating activity, the defendants, some 18 months after the case was marked off the calendar, separately sought formal dismissal of the action for failure to prosecute. The plaintiffs, who claim there were conversations with the defendants' attorneys "during the period" after the action was marked "off the Trial calendar", assert that the case was originally removed from the calendar, and not timely restored, because of an "atmosphere of uncertainty" regarding the condition of the plaintiff Marie Condro. There is conflicting evidentiary material in the record as to whether she sustained a fractured nose as a result of the accident, but the "uncertainty" to which the plaintiffs pointed concerned an injury to her shoulder, for which she was last treated in 1985 and for which she had evidently made an appointment to resume treatment after the defendants moved for formal dismissal of the action. There is no competent evidence indicating that either of the other two plaintiffs sustained serious injuries (see, Insurance Law § 5102 [d]; § 5104 [a]). Indeed, the plaintiffs' counsel concedes that the injuries sustained by the plaintiff Nick Condro were "relatively minor".

As we noted in Fluman v TSS Dept. Stores (100 AD2d 838) and repeated in Rosser v Scacalossi (140 AD2d 318, supra), "[i]t is well settled that once an action has been dismissed under CPLR 3404, a motion to open the default * * * will require the same kind of proof of merit * * * as must be shown to open a default judgment". Although the plaintiffs purport to justify the gap in the treatment of the plaintiff

Marie Condro, they do not adequately explain their delay in seeking to restore the action to the Trial Calendar until faced with a motion to dismiss it. Moreover, in addition to failing to rebut the presumption that they abandoned the action, the plaintiffs have failed to demonstrate the merits to the claim that at least one of the defendants was negligent and that, at least with respect to two of the plaintiffs, the accident caused serious injuries (see, Bunyan v Goldwasser, 131 AD2d 805). Under the circumstances, the Supreme Court improvidently exercised its discretion when it directed that this action be restored to the Trial Calendar. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.