■ GIUSEPPINA PARILLO, Individually and as Parent and Natural Guardian of PIETRO PARILLO, an Infant, and as Administratrix of the Estate of PIETRO MASTROIANNI, Deceased, et al., Respondents, v ALBERT BLATT, Defendant, and RAFFAELE PARILLO, Appellant.—In an action to recover damages for personal injuries, the defendant Raffaele Parillo appeals from (1) an order of the Supreme Court, Kings County (Krausman, J.), dated July 7, 1988, which granted the plaintiffs' motion to restore the action to the Trial Calendar, and (2) an order of same court, dated September 14, 1988, which denied his motion to reargue.

Ordered that the appeal from the order dated September 14, 1988 is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 7, 1988 is reversed, on the law, without costs or disbursements, and the plaintiffs' motion to restore the action to the Trial Calendar is denied.

The record indicates that this action, which arises out of a two-car collision which occurred in 1980, was marked off the calendar on March 10, 1986. An original plaintiff in this action, Pietro Mastroianni, passed away in January 1984, but as of March 10, 1986, the proper party had not been substituted for him. Pursuant to CPLR 3404, the action was deemed abandoned and was automatically dismissed a year later *(see, Rosser v Scacalossi,* 140 AD2d 318). The plaintiff Guiseppina Parillo was not appointed administratrix of the estate of Pietro Mastroianni until May 1, 1987, and the instant motion to restore the action to the Trial Calendar was not made until April 1988.

It is well settled that a motion to restore an action to the calendar must be supported by affidavits showing an excuse for the delay in prosecution and demonstrating the merits of the action *(Baumgartner v Foodarama Supermarkets,* 86 AD2d 590; *Fluman v TSS Dept. Stores,* 100 AD2d 838; *Bunyan v Goldwasser,* 131 AD2d 805). The plaintiffs failed to advance any excuse for the three-year delay in having an administratrix appointed and for the delay in moving to restore the action to the Trial Calendar. Nor is there any "competent indication" *(Bunyan v Goldwasser, supra,* at 806) that the injured plaintiffs suffered "serious injury" *(see,* Insurance Law § 5102 [d]; § 5104 [a]).

Under these circumstances, the Supreme Court abused its discretion as a matter of law by granting the plaintiffs' motion to restore the action to the Trial Calendar. Mangano, P. J., Thompson, Bracken and Eiber, JJ., concur.