■ DEBBIE F. GRELLA, Respondent-Appellant, v MID-AMERICA REALTY INVESTORS LIMITED PARTNERSHIP et al., Defendants. FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Nonparty Appellant-Respondent. (And a Third-Party Action.) [605 NYS2d 857] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered April 21, 1993, which denied the motion by nonparty Firemen's Insurance Company of Newark, New Jersey to, *inter alia,* restrain plaintiff from executing against a certain account, and denied plaintiff's cross-motion for sanctions, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of dismissing Firemen's motion for lack of standing and otherwise affirmed, without costs.

The IAS Court should not have ever considered Firemen's motion since it is not a party to the underlying action and has never sought leave to intervene *(see, Rozewicz v Ciminelli,* 116 AD2d 990). Moreover, even assuming that Firemen's did have standing to seek to restrain plaintiff from executing on the account in question, we agree with the IAS Court that its motion was, in effect, one to reargue the prior order of January 22, 1992 specifically holding that the account is "subject to enforcement of plaintiff's judgment", and from which its time to appeal had expired, and thus its appeal would in any event be dismissible *(Rivera v Cambridge Mut. Ins. Co.,* 136 AD2d 688). Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Asch, JJ.