■ RHONYA CRUZ, Individually and as Parent and Natural Guardian of SHANNON CRUZ, an Infant, Respondent, v CHARLES EDWARDS et al., Appellants. [686 NYS2d 308] —In an action to re-

cover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Queens County (LeVine, J.), entered July 23, 1998, which denied their motion to dismiss the complaint and granted the plaintiffs' cross motion to restore the action to the trial calendar.

Ordered that the order is modified, as a matter of discretion, by adding a provision thereto conditioning the granting of the plaintiffs' cross motion upon payment of $2,500 by the plaintiffs' attorneys of record, Rubin & Licatesi, P. C., to the attorneys for the defendants, Costello, Shea & Gaffney, and further providing that in the event the condition is not complied with, then the defendants' motion is granted and the plaintiffs' cross motion is denied; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the time of Rubin & Licatesi, P. C., to pay the aforementioned sum to the attorneys for the defendants is extended until 20 days after service upon it of a copy of this decision and order with notice of entry.

The Supreme Court did not err in denying the defendants' motion to dismiss and granting the plaintiffs' cross motion to restore this action to the trial calendar. The record does not demonstrate that the plaintiffs willfully or intentionally failed to comply with any court orders or their discovery obligations or that they misrepresented their readiness for trial (*see,* CPLR 3126; *Peck v Tired Iron Transp.,* 209 AD2d 979; *Marra v Hensonville Frozen Food Lockers,* 189 AD2d 1004; *cf., Cutolo v Khalife,* 242 AD2d 661; *DeGennaro v Robinson Textiles,* 224 AD2d 574). However, under the circumstances of this case, we conclude that the court should have exercised its discretion to condition the granting of the plaintiffs' cross motion to restore the case to the trial calendar upon the payment by their attorneys of record of costs in the form of an award to compensate the defendants for the inconvenience and additional legal work emanating from their neglect and delay (*see, Clayton-Garcia v Moskin,* 256 AD2d 299; *Coyle v Garon Prods.,* 116 AD2d 616; *Roeder v Allstate Ins. Co.,* 115 AD2d 469; *Arndt v Merrick Shopping Ctr.,* 103 AD2d 788).

Since the defendants did not demonstrate that this action is frivolous, they are not entitled to costs pursuant to CPLR 8303-a (*see, Harley v Druzba,* 169 AD2d 1001). The imposition of sanctions against either party pursuant to 22 NYCRR 130-1.1 is not warranted. O'Brien, J. P., Sullivan, Joy and Krausman, JJ., concur.