■ HAROLD HAGELMAN et al., Appellants, v BRIAN A. SHERIDAN et al., Respondents.—In an action, *inter alia,* to recover damages for abuse of process, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Murphy, J.), dated March 31, 1988, which denied their motion to vacate the automatic dismissal of the action pursuant to CPLR 3404 and to restore the matter to the Trial Calendar.

Ordered that so much of the appeal as is by the plaintiff May Hagelman is dismissed, as she is not an aggrieved party *(see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the defendants are awarded one bill of costs.

A party seeking to restore a case to the calendar after it has

been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party in the event that the case is restored to the calendar (see, *Malpass v Mavis Tire Supply Corp.,* 143 AD2d 890; *Sheehan v Hollywood,* 112 AD2d 211). The papers submitted in support of the plaintiffs' motion failed to meet this burden (see, e.g., *Tucker v Hotel Employees & Rest. Employees Union,* 134 AD2d 494; *Ornstein v Kentucky Fried Chicken,* 121 AD2d 610; *Merrill v Robinson,* 99 AD2d 578).

We note that inasmuch as all of the causes of action asserted by the plaintiff May Hagelman were dismissed prior to the case being marked off the calendar and dismissed, she is not aggrieved by the order appealed from (see, CPLR 5511). Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.