■ ELAINE MURPHY et al., Appellants, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, Bronx County (Howard Silver, J.), entered May 17, 1990, which, *inter alia,* denied plaintiffs' motion to restore the action to the trial calendar, unanimously affirmed, without costs.

Plaintiffs allege that they were injured as a result of defendant's negligence when an unidentified metal object fell from an elevated train structure on March 8, 1982 and struck their

vehicle. Plaintiffs filed a note of issue and certificate of readiness on September 23, 1987 and the case was scheduled for the conference calendar on October 23, 1987. Despite publication of notice of the scheduled conference, plaintiffs failed to appear, and the case was accordingly dismissed from the calendar.

Over two years later, in December 1989, plaintiffs moved to vacate their default and to restore the case to the calendar, contending that the law firm representing them was in the process of a merger and was unaware of the scheduled conference.

In order to rebut the presumption that the action was abandoned, plaintiffs must demonstrate that their cause of action is meritorious, that there is a sufficient excuse for the delay, that there was no intent to abandon the action and that defendants will not be prejudiced by restoring the case to the calendar. (*Condurso v Thumsuden*, 84 AD2d 802, 803, *appeal dismissed* 55 NY2d 953.) Plaintiffs have failed to sufficiently rebut the presumption. As to the merits of the action, there is a lack of evidence to indicate that the metal object was the NYCTA's equipment or that it was in the exclusive control of the NYCTA. Indicative of the intent to abandon the action is that plaintiffs did not seek to restore the case to the calendar for over two years.

The IAS Court did not abuse its discretion in rejecting plaintiffs' law office failure excuse. Plaintiffs, during the merger, were sufficiently organized to file a note of issue and certificate of readiness. They certainly should have been aware of the scheduled calendar conference. Moreover, both plaintiffs and their counsel were negligent for not inquiring as to the status of the case for over two years. Concur—Murphy, P. J., Sullivan, Asch, Kassal and Rubin, JJ.