■ CAROL HATCHER, Appellant, v ROBERT P. CASSANOVA, Respondent, et al., Defendants.—In a negligence action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Smith, J.), dated February 2, 1990, as denied that branch of her motion which was to restore the action to the calendar.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that a motion to vacate the dismissal of an action pursuant to CPLR 3404 and to restore the matter to the calendar is addressed to the sound discretion of the trial court (see, e.g., Ceravolo v Sunnyside Mkt., 168 AD2d 409; O'Boye v Consolidated Edison, 168 AD2d 219; Curtin v Grand

*Union Co.,* 124 AD2d 918; *Merrill v Robinson,* 99 AD2d 578). We discern no improvident exercise of discretion in this case; the automatic dismissal of the action was proper *(see,* CPLR 3404), and the plaintiff's counsel failed to demonstrate a reasonable excuse for the delay and a lack of prejudice to the defendants *(see, e.g., Moye v City of New York,* 168 AD2d 342; *Rosser v Scacalossi,* 140 AD2d 318; *Resto v Kohen,* 124 AD2d 722).

Additionally, the record before us fails to support the claim of the plaintiff's counsel that he moved to restore the case to the calendar approximately eight months after it was marked off. However, assuming arguendo that the motion actually was submitted to the court for determination, the unexplained and unreasonable failure of the plaintiff's counsel to follow up on the application or to take any other action until some 18 months had passed, when combined with the other delays in the case, warranted the denial of the instant motion to restore. Sullivan, J. P., Balletta, O'Brien and Ritter, JJ., concur.