■ New York Telephone, Respondent, v Power Tech Systems, Inc., Appellant.—Order, Supreme Court, New York County (William J. Davis, J.), entered November 15, 1990, which denied defendant's motion to, *inter alia,* open a default judgment entered against it in the sum of $179,671.52 plus interest, costs and disbursements, unanimously modified, on the law and the facts and in the exercise of discretion, the motion granted only to the extent of vacating defendant's default and the judgment entered thereon and directing it to answer the verified complaint within 20 days of the service upon it of a copy of this Court's order with notice of entry and, as so modified, the order is otherwise affirmed, without costs.

Appeal from the order of the same court entered April 22, 1991, granting reargument and, upon reargument, adhering to the court's previous decision, dismissed as subsumed in the appeal from the original order *(see,* CPLR 5517), without costs.

Plaintiff seeks $179,671.52 for damage to certain air conditioning and electrical equipment in the subcellar of its corporate headquarters located at 1095 Avenue of the Americas, alleging that, on July 9, 1986, defendant's employees, who were installing an interlock modification of certain circuit breakers, negligently caused a fire to break out in the subcellar.

This action was commenced by service of the summons and verified complaint upon the Secretary of State on December 27, 1988. Defendant failed to appear or answer and on March 6, 1990, more than one year after the defendant's default, plaintiff mailed a notice of default to defendant's last known address in Pearl River, New York, which was returned by the Post Office. It then was granted permission, on April 17, 1990, to enter a default judgment against defendant, which judgment was entered on or about June 6, 1990.

Thereafter, by notice of motion dated September 19, 1990, defendant moved to vacate its default and, pursuant to CPLR 3215 (c), to dismiss the complaint as abandoned in light of defendant's failure to take proceedings for the entry of judgment within one year after the default.

In support of its motion, defendant submitted the affidavit of its comptroller, who stated that defendant had closed its Pearl River office in April 1988 and arranged with the Post Office to have its mail forwarded to its office in Cedar Grove, New Jersey. She stated that she would have been the person who would receive and review any legal papers or correspondence and that no process or legal mail relating to this matter was ever received by defendant. While stating that defendant's records regarding the alleged incident are presently incomplete, the comptroller further stated that defendant's employee at the scene did not report that his work started or contributed to the fire, but reported that plaintiff's own employees were painting and refurbishing its premises in the area where he was working. Counsel for defendant stated that defendant had a meritorious defense inasmuch as plaintiff's employees may have caused the fire by using paint in the area of the fire.

In response to defendant's motion, plaintiff's attorney stated that plaintiff has a meritorious cause of action for the full amount of its damages and that its failure to timely proceed to enter judgment upon defendant's default was inadvertent in that the office file containing the pleadings in this case was temporarily reassigned to another attorney in 1989 and was misplaced until it was returned to the affiant in March 1990.

In light of the fact that both parties have proferred adequate excuses for their respective defaults as well as our strong policy in favor of disposing of cases on their merits, we deem the scant and conclusory opposing affidavits of merits sufficient to warrant vacating defendant's default and to permit plaintiff to continue prosecuting this action. Concur—

Rosenberger, J. P., Ellerin, Wallach, Kupferman and Rubin, JJ.