■ GARCIA ROBINSON, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [610 NYS2d 296] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated December 28, 1991, which granted the plaintiff's motion to vacate the dismissal of the complaint and restore the action to the status calendar.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is denied, and the complaint is dismissed.

In order to vacate a dismissal pursuant to CPLR 3404, the plaintiff must show a reasonable excuse for the delay, lack of prejudice to the adversary, a meritorious cause of action, and lack of intention to abandon *(see, Gray v Sandoz Pharms.,* 158 AD2d 583). Here, the plaintiff failed to meet any of these criteria. Misplacement of a file is law office failure, which is rarely an acceptable excuse *(see, e.g., Eveready Ins. Co. v Devissiere,* 134 AD2d 323; *Hoenig v Stetefelt,* 127 AD2d 632; *Egan v Federated Dept. Stores,* 108 AD2d 718; *cf., New York Tel. v Power Tech Sys.,* 185 AD2d 787), and is not acceptable here, where the plaintiff's attorney affirmed only that the file was "inadvertently misplaced" and gave no further information. The plaintiff has failed to meet his burden of showing lack of prejudice to his adversary *(see, Escobar v Deepdale Gen. Hosp.,* 172 AD2d 486), since he submitted only his attorney's blanket assertion that there would be no prejudice. No showing of merit has been made, since nothing purporting to be an affidavit of merit was submitted *(see, Matter of Kharrubi v Board of Educ.,* 133 AD2d 457; *Fluman v TSS Dept. Stores,* 100 AD2d 838). Finally, the three-year delay between the missed conference and the motion to vacate is indicative of the intent to abandon *(see, Murphy v City of New York,* 173 AD2d 236). Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.