■ SYLIVA WEBSTER, Appellant, v SUPERMARKETS GENERAL CORP., Doing Business as PATHMARK, Respondent. [619 NYS2d 577] —In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated January 13, 1993, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The complaint does not contain any allegations upon which a viable cause of action may be based *(see, Trott v Merit Dept. Store,* 106 AD2d 158). The plaintiff's attempt to assert a new cause of action by resort to the bill of particulars is improper *(see, Lewis v Village of Deposit,* 40 AD2d 730, *affd* 33 NY2d 532). Thus, the Supreme Court properly dismissed the complaint. Lawrence, J. P., O'Brien, Joy and Altman, JJ., concur.

■ MICHAEL I. WEINTRAUB, P. C., Appellant, v COMPUTER RAD, INC., et al., Respondents. [619 NYS2d 579] —In an action to recover damages for, *inter alia,* breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Westchester County (Ingrassia, J.), dated January 4, 1993, which denied its motion to restore the action to the trial calendar and deemed the action abandoned and dismissed.

Ordered that the order is reversed, as a matter of discretion, with costs, and the motion is granted.

Although the failure to timely restore an action to the trial calendar creates a presumption of abandonment *(see,* CPLR 3404), under the facts of this case, we find that the plaintiff made a sufficient showing to rebut the presumption *(see, Fiorello v South Shore Dental Assocs.,* 203 AD2d 323; *Roberson v City of New York,* 195 AD2d 597, 598). Accordingly, and because the plaintiff provided a sufficient affidavit of merit, we exercise our discretion and grant the application to restore this action to the trial calendar. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.