■ DANIEL F. ROLAND, Respondent, v JOHN J. NAPOLITANO, Appellant, et al., Defendant. [619 NYS2d 77] —In an action, *inter alia,* to recover damages for legal malpractice, the defendant John J. Napolitano appeals from an order of the Supreme Court, Nassau County (Collins, J.), dated June 24, 1993, which granted the plaintiff's motion to vacate the automatic dismissal of the action entered pursuant to CPLR 3404 and restored the case to the trial calendar, on condition that the plaintiff submit to a psychological or psychiatric examination.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

A party seeking to restore to the calendar a case which has been dismissed pursuant to CPLR 3404 must demonstrate a reasonable excuse for the delay, the existence of a meritorious cause of action, an absence of intent to abandon the case, and lack of prejudice to the nonmoving party *(see, Hewitt v Booth Mem. Med. Ctr.,* 178 AD2d 401; *Ornstein v Kentucky Fried Chicken,* 121 AD2d 610). All four components of the test must be satisfied for the dismissal to be properly vacated *(see, Ornstein v Kentucky Fried Chicken, supra,* at 611; *Knight v City of New York,* 193 AD2d 720, 721).

The plaintiff failed to demonstrate a reasonable excuse for the extensive delay in this case. The action was commenced in 1984 and was marked off the calendar on January 24, 1990, so that the plaintiff could obtain a report from his expert. Because the plaintiff did not timely move to restore the case to the calendar, it was automatically dismissed one year later *(see,* CPLR 3404). There is no evidence of any activity in the case between March 1990 and May 1992 when the plaintiff retained a new expert. Counsel's vague and conclusory statements regarding his efforts to locate an expert during that time period did not establish a reasonable excuse for the delay. The lack of activity in the case for over two years evidenced an intent to abandon the action *(see, Knight v City of New York, supra,* at 721-722). The motion to vacate the dismissal was not made until January 1993, three years after the case had been marked off. Consequently, the Supreme

Court erred in granting the motion. Balletta, J. P., Pizzuto, Altman and Hart, JJ., concur.