■ MICHAEL DIAMOND, Respondent, v J.B.J. MANAGEMENT COMPANY, Appellant, et al., Defendants. [631 NYS2d 439] —In an action to recover damages for personal injuries, the defendant J.B.J. Management Company appeals from an order of the Supreme Court, Queens County (Smith, J.), dated May 18, 1994,

which granted the plaintiff's motion to vacate the dismissal of the action and to restore it to the trial calendar.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is denied, and the action is dismissed.

Before a court may grant a motion to vacate the dismissal of an action pursuant to CPLR 3404, the plaintiff must establish all of the following: (1) a meritorious cause of action, (2) a reasonable excuse for the delay in prosecuting the action, (3) a lack of intent to abandon the action, and (4) a lack of prejudice to the defendant *(see, e.g., Knight v City of New York,* 193 AD2d 720, 721; *Malpass v Mavis Tire Supply Corp.,* 143 AD2d 890; *Ornstein v Kentucky Fried Chicken,* 121 AD2d 610, 611).

In the present case the action was marked off the trial calendar for more than two and one-half years. The plaintiff's only excuse for the delay was that his counsel inadvertently misplaced the file and thought that the matter had been restored to the trial calendar. That excuse is not acceptable *(see, Robinson v New York City Tr. Auth.,* 203 AD2d 351). Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.