■ JOSEPH IORIO, Appellant, v LYDIA R. GALEON, Respondent. [646 NYS2d 818] —In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (O'Brien, J.), dated September 13, 1995, as, upon renewal and reargument, adhered to the original determination in an order dated June 16, 1995, denying his motion to restore the action to the trial calendar, and granting the defendant's cross motion to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in denying his motion to restore this action to the trial calendar. Here, the record reveals that the action was marked off the calendar because of the plaintiff's inability to proceed to trial, and the plaintiff has not offered an adequate excuse for this default (*see,* 22 NYCRR 202.21 [f]; *Maida v Rite Aid Corp.,* 210 AD2d 589; *Balducci v Jason,* 133 AD2d 436). Moreover, the allegation that the plaintiff's file was misplaced during the relocation of his attorneys' offices does not constitute a reasonable excuse for the nearly one year delay in moving to restore (*see, Robinson v New York City Tr. Auth.,* 203 AD2d 351; *Barton v Jablon,* 181 AD2d 755), and the defense has been substantially prejudiced

by the defendant doctor's death, which occurred approximately eight months after this action was stricken from the trial calendar (see, Todd Co. v Birnbaum, 182 AD2d 505; Gray v Sandoz Pharms., 158 AD2d 583). O'Brien, J. P., Thompson, Altman and Krausman, JJ., concur.