■ MICHAEL MILLER et al., Appellants, v CITY OF NEW YORK et al., Respondents. [661 NYS2d 1000] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Lonschein, J.), dated June 24, 1996, which denied their motion to vacate the dismissal of their action pursuant to CPLR 3404.

Ordered that the order is affirmed, with costs.

The court did not improvidently exercise its discretion in denying the plaintiffs' motion to vacate the dismissal of the instant medical malpractice action pursuant to CPLR 3404. It is well settled that in order to restore a case which has been marked off the calendar, the plaintiff must establish the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party if the case is restored to the calendar (see, Robinson v New York City Tr. Auth., 203 AD2d 351; Hatcher v Cassanova, 180 AD2d 664; Hagelman v Sheridan, 150 AD2d 430). In a medical malpractice action, the affidavit of merit must be by a physician or other qualified expert, and state

with specificity the expert's observations as to procedures or treatments performed and/or the alleged deviations from the acceptable standards of medical care (*see, Nepomniaschi v Goldstein,* 182 AD2d 743; *Wulster v Rubinstein,* 126 AD2d 545; *Friedberg v Bay Ridge Orthopedic Assocs.,* 122 AD2d 194). In the instant case, the plaintiffs failed to proffer any affidavit of merit by a medical expert, much less one which contained sufficiently particularized allegations of medical malpractice. Even the unsworn medical reports submitted by the plaintiffs, which were inadmissible, and which the court properly refused to consider, did not establish the merits of the case. Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.