■ PATRICIA IAZZETTA, Respondent, v RONALD R. VICENZI et al., Appellants. [663 NYS2d 109] —In an action to recover damages for dental malpractice, the defendants appeal from an order of the Supreme Court, Putnam County (Hickman, J.), dated October 17, 1996, which denied their motion to vacate the note of issue and certificate of readiness filed by the plaintiff on or about June 20, 1996, and granted the plaintiff's cross motion to vacate a judgment of the same court, entered February 20, 1996, which dismissed the complaint pursuant to CPLR 3404, and to restore the case to the trial calendar.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is granted, and the plaintiff's cross motion is denied.

A case in the Supreme Court which is stricken from the calendar and not restored within one year thereafter, "shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute" (CPLR 3404). In the instant case, the Supreme Court improvidently exercised its discretion in vacating the judgment which dismissed the instant complaint pursuant to CPLR 3404.

It is well settled that in order to vacate a dismissal pursuant to CPLR 3404, the plaintiff must establish the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the non-moving party if the case is restored to the calendar (*see, Robinson v New York City Tr. Auth.,* 203 AD2d 351; *Hatcher v Cassanova,* 180 AD2d 664; *Hagelman v Sheridan,* 150 AD2d 430). In a medical malpractice action, the affidavit of merit must be by a physician or other qualified expert, and state with specificity the expert's observations as to procedures or treatments performed and the alleged deviations from the acceptable standards of medical care (*see, Nepomniaschi v Goldstein,* 182 AD2d 743; *Wulster v Rubinstein,* 126 AD2d 545; *Friedberg v Bay Ridge Orthopedic Assocs.,* 122 AD2d 194). In the instant case, the plaintiff failed to satisfy these requirements. Miller, J. P., Thompson, Joy and Luciano, JJ., concur.