█ SALVATORE FICO et al., Respondents, v HEALTH INSURANCE PLAN OF GREATER NEW YORK et al., Defendants, and ERIC J. ENTIN et al., Appellants. [669 NYS2d 380] —In an action to recover damages for medical malpractice, etc., (1) the defendant Eric John Entin appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered July 7, 1997, as denied his cross motion pursuant to CPLR 3404 to dismiss the complaint insofar as asserted against him for neglect to prosecute, and granted the plaintiffs' cross motion to vacate the dismissal of the action and for leave to restore the case to the trial calendar, (2) the defendants Morningside Neurological Associates, P. C., and Robert W. Schick separately appeal, as limited by their brief, from so much of the same order as denied their cross motion pursuant to CPLR 3404 to dismiss the complaint insofar as asserted against them for neglect to prosecute and granted the plaintiffs' cross motion to vacate the dismissal and restore the case, (3) the defendants Health Insurance Plan of Greater New York, East Nassau Medical Group, Jimmy Lim, and Babu Chengiah Thallur separately appeal, as limited by their brief, from so much of the order as denied their cross motion pursuant to CPLR 3404 to dismiss the complaint insofar as asserted against them for neglect to prosecute and granted the plaintiffs' cross motion to vacate the dismissal and restore the case, and (4) the defendants Sheldon Blau, M.D., P. C., Sheldon Blau, Lewis Herman Tiger, Lewis Herman Tiger, M.D., P. C., and Associates in Rheumatology, P. C., appeal, as limited by their brief, from so much of the order as denied their motion pursuant to CPLR 3404 to dismiss the complaint insofar as asserted against them for neglect to prosecute and granted the plaintiffs' cross motion to vacate the dismissal and restore the case.

Ordered that the appeal by Health Insurance Plan of Greater New York is dismissed, for failure to perfect the appeal (*see,* 22 NYCRR 670.8 [a], [e]); and it is further,

Ordered that the order is reversed insofar as reviewed, the motion by the defendants Sheldon Blau, M.D., P. C., Sheldon Blau, Lewis Herman Tiger, Lewis Herman Tiger, M.D., P. C., and Associates in Rheumatology, P. C., and the respective cross motions by the defendants Eric John Entin, Morningside Neurological Associates, P. C., Robert W. Schick, East Nassau Medical Group, Jimmy Lim, and Babu Chengiah Thallur are granted, the plaintiffs' cross motion is denied, and the complaint is dismissed insofar as asserted against these appellants; and it is further,

Ordered that the appellants appearing separately and filing separate briefs are awarded one bill of costs.

This action, which was commenced in 1982, was marked off the trial calendar on February 9, 1994, and dismissed pursuant to CPLR 3404 on February 10, 1995. In July 1996, the plaintiffs requested the appellants' consent to restore the case to the trial calendar, but all the appellants refused. In March 1997 in response to a motion by the defendants Sheldon Blau, M.D., P. C., Sheldon Blau, Lewis Herman Tiger, Lewis Herman Tiger, M.D., P. C., and Associates in Rheumatology, P. C., and cross motions by the other appellants, pursuant to CPLR 3404 to dismiss the complaint insofar as asserted against them for neglect to prosecute, the plaintiffs cross-moved to vacate the dismissal of the action and for leave to restore the action to the trial calendar. The Supreme Court denied the motion and cross motions to dismiss and granted the plaintiffs' cross motion. We reverse.

"A party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party in the event that the case is restored to the trial calendar" (*Civello v Grossman*, 192 AD2d 636). The moving party must satisfy all four components of the test before the dismissal can be properly vacated (*see, Roland v Napolitano*, 209 AD2d 501).

Here, the plaintiffs engaged in almost no activity regarding the case from when it was marked off calendar until they cross-moved to restore the case to the calendar. The requests for authorizations initiated by the appellants, as well as a change of counsel by two of the appellants and the plaintiffs' voluntary discontinuance of the action against two other parties, were insufficient to rebut the presumption of abandonment that attached after the automatic dismissal pursuant to CPLR 3404 (*see, Jeffs v Janessa, Inc.*, 226 AD2d 504).

Moreover, the plaintiffs have failed to demonstrate a reasonable excuse for the approximately three-year delay in moving to restore the case to the trial calendar. Law office failure is rarely an acceptable excuse for failing to expeditiously vacate a CPLR 3404 dismissal, especially when this excuse is provided without any additional information (*see, Rodriguez v Hercules Chem. Co.,* 228 AD2d 319; *Diamond v J.B.J. Mgt. Co.,* 220 AD2d 378, 379; *Robinson v New York City Tr. Auth.,* 203 AD2d 351; *cf., Friedberg v Bay Ridge Orthopedic Assocs.,* 122 AD2d 194, 195).

Finally, in view of the plaintiffs' lengthy delay in moving to restore the case to the trial calendar and the fact that over 15 years has passed since the alleged medical malpractice, the appellants would be significantly prejudiced if the matter were restored to the trial calendar (*see, Jeffs v Janessa, Inc., supra; Civello v Grossman, supra*). Thompson, J. P., Sullivan, Florio and McGinity, JJ., concur.