■ MAGGIE RIVERS et al., Appellants, v JAMAICA WATER SUPPLY COMPANY et al., Respondents. [671 NYS2d 994] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated February 21, 1997, as denied that branch of their motion which was to vacate the automatic dismissal of the action entered pursuant to CPLR 3404.

Ordered that the order is affirmed insofar as appealed from, with costs.

"A party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party" (*Civello v Grossman,* 192 AD2d 636; *see, Fico v Health Ins. Plan,* 248 AD2d 432; *Iazzetta v Vicenzi,* 243 AD2d 540; *Henne v Lefrak,* 246 AD2d 628; *Miller v City of New York,* 242 AD2d 370). Moreover, all of the above requirements must be satisfied before a case can be properly restored (*see, Fico v Health Ins. Plan, supra; Gonzalez v First Natl. Supermarket,* 232 AD2d 609; *Roland v Napolitano,* 209 AD2d 501).

The plaintiffs have failed to establish their entitlement to restoration of the case to the trial calendar (*see, Fico v Health Ins. Plan, supra; Kopilas v Peterson,* 206 AD2d 460). Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.