█ EDWARD RUDY, as Administrator of the Estate of LLOYD RUDY, Deceased, Respondent, v DEAN CHASKY et al., Appellants. [689 NYS2d 176] —In a medical malpractice action to recover damages for personal injuries and wrongful death, the defendants appeal from an order of the Supreme Court, Queens County (Posner, J.), dated May 5, 1998, which granted the plaintiff's motion, in effect, to vacate the automatic dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar.

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion is denied.

In order to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404, the plaintiff must establish: (1) the merits of the case, (2) a reasonable excuse for the delay, (3) the absence of an intent to abandon the matter, and (4) the lack of prejudice to the nonmoving party if the case is restored to the calendar (see, Robinson v New York City Tr. Auth., 203 AD2d 351; Hatcher v Cassanova, 180 AD2d 664; Hagelman v Sheridan, 150 AD2d 430). All four components must be satisfied before the dismissal can be properly vacated (see, Fico v Health Ins. Plan, 248 AD2d 432, 433). In the instant case, the plaintiff's excuse for his delay in seeking to restore the action to the calendar—law office failure—was not reasonable (see, Rodriguez v Hercules Chem. Co., 228 AD2d 319; Iorio v Galeon, 230 AD2d 771; Diamond v J.B.J. Mgt. Co., 220 AD2d 378; Robinson v New York City Tr. Auth., 203 AD2d 351). Accordingly, the plaintiff's motion should have been denied. S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.