■ WILLIAM R. COLEMAN, Appellant, v ROBERT C. SAMMON et al., Respondents. [696 NYS2d 848] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Bernstein, J.), dated March 27, 1998, which granted the defendants' motion pursuant to CPLR 3404 to dismiss the complaint and denied his cross motion to vacate any automatic dismissal of the complaint pursuant to CPLR 3404 and to restore the action to the trial calendar, (2) from a judgment of the same court, entered May 4, 1998, dismissing the complaint, and (3), as limited by his brief, from so much of an order of the same court, dated January 19, 1999, as upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated March 27, 1998, is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order dated January 19, 1999, made upon reargument; and it is further,

Ordered that the order dated January 19, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the order dated January 19, 1999, made upon reargument, which superseded the judgment (*see,* CPLR 5501 [a] [1]).

It is well settled that a party seeking to restore an action to the trial calendar after it has been dismissed pursuant to CPLR 3404 must establish: (1) the merits of the action, (2) a reasonable excuse for the delay, (3) the absence of an intent to abandon the action, and (4) the lack of prejudice to the non-moving party if the action is restored to the calendar (*see, Robinson v New York City Tr. Auth.,* 203 AD2d 351; *Hatcher v Cassanova,* 180 AD2d 664; *Hagelman v Sheridan,* 150 AD2d 430). All four components must be satisfied before the dismissal can be properly vacated (*see, Fico v Health Ins. Plan,* 248 AD2d 432, 433; *Carter v City of New York,* 231 AD2d 485). In the instant case, the Supreme Court correctly denied the plaintiff's cross motion to vacate the automatic dismissal of the case and restore the case to the trial calendar, as the plaintiff failed to satisfy all of these elements (*see, Moses v Wilmaud Realty Corp.,* 262 AD2d 538; *Tate v Peninsula Hosp. Ctr.,* 255 AD2d 503; *McKenna v Solomon,* 255 AD2d 496; *Fico v Health Ins. Plan, supra*). S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.