■ Iran C. Pierre, Respondent, v Steve and Slavo Management Corp., Appellant. [697 NYS2d 529] —In an action to recover damages for personal injuries, the defendant appeals

from an order of the Supreme Court, Kings County (Jones, J.), dated March 2, 1999, which, *inter alia*, granted the plaintiff's motion to restore the case to the trial calendar.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

"[T]o vacate a dismissal pursuant to CPLR 3404, the plaintiff must establish the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party if the case is restored to the calendar" (*Iazzetta v Vicenzi*, 243 AD2d 540; *see, Robinson v New York City Tr. Auth.*, 203 AD2d 351; *Hatcher v Cassanova*, 180 AD2d 664). "The moving party must satisfy all four components of the test before the dismissal can be properly vacated" (*Fico v Health Ins. Plan*, 248 AD2d 432, 433).

In the instant case, the moving papers failed to meet those requirements. Thus, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to restore the action to the calendar. S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.