■ CAROLYN McCARTHY, Appellant, v JEROME E. BAGNER et al., Respondents. [710 NYS2d 249] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roberto, J.), entered April 30, 1999, which denied her motion to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

A party seeking to restore to the trial calendar an action which has been dismissed pursuant to CPLR 3404 must demonstrate a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the nonmoving party (*see, Rivers v Jamaica Water Supply Co.,* 250 AD2d 661; *Fico v Health Ins. Plan,* 248 AD2d 432; *Lafata v 712 Fifth Ave. Assocs.,* 238 AD2d 552). The plaintiff failed to meet this burden. The plaintiff failed to appear for trial (*see, Lee v Chion,* 213

AD2d 602). Furthermore, in light of the plaintiff's inactivity regarding the case during the one-year and four-month delay in moving to restore the case to the calendar, the plaintiff also failed to rebut the presumption of abandonment that attaches when a matter has been automatically dismissed (*see, Jeffs v Janessa, Inc.,* 226 AD2d 504; *Michael I. Weintraub, P. C. v Computer Rad,* 209 AD2d 405; *Bohlman v Lorenzen,* 208 AD2d 582). Moreover, since over six years have passed since the alleged malpractice and the time that the plaintiff moved to restore the action to the trial calendar, we cannot conclude that the defendants would not be prejudiced if the action were restored to the trial calendar (*see, Fico v Health Ins. Plan,* 248 AD2d 432, *supra*; *Swedish v Bourie,* 233 AD2d 495; *Carter v City of New York,* 231 AD2d 485). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.