■ PRUDENTIAL-LMI COMMERCIAL INSURANCE COMPANY, as Subrogee of BRETTON WOOD HOME OWNERS ASSOCIATION, INC., Appellant, v FORGE HEATING & AIR CONDITIONING CORP., Respondent. [712 NYS2d 355] —In a subrogation action to recover insurance benefits paid to the plaintiff's insured, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 30, 1999, which denied its motion to vacate the automatic dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

In order to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404, the plaintiff must establish: (1) the merits of the case, (2) a reasonable excuse for the delay, (3) the absence of an intent to abandon the matter, and (4) the lack of prejudice to the nonmoving party if the case is restored to the calendar (*see, Rudy v Chasky,* 260 AD2d 625; *Iazzetta v Vicenzi,* 243 AD2d 540). All four components must be satisfied before the dismissal can be vacated (*see, Rudy v Chasky, supra*; *Iazzetta v Vicenzi, supra*).

The plaintiff failed to rebut the presumption of abandonment and failed to offer a reasonable excuse for failing to appear on the calendar date (*see, Lupoli v Venus Labs.,* 264 AD2d 820). Accordingly, the court properly denied the plaintiff's motion (*see, Rudy v Chasky, supra*). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.