■ L. Davɪᴅ DᴇMɪᴀɴ et al., Appellants, v Pʜɪʟɪᴘ M. Kᴀʏᴇ et al., Respondents. [712 NYS2d 369] —In an action, *inter alia*, to recover damages for fraud and misrepresentation, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.), entered April 29, 1999, as denied their cross motion to restore the case to the trial calendar.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, without costs or disbursements, on the condition that plaintiffs submit to an additional deposition within 30 days after service upon them of a copy of this decision and order with notice of entry; in the event this condition is not timely complied with, then the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

To restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404, the plaintiff must establish (1) the merits of the case, (2) a reasonable excuse for the delay, (3) the absence of an intent to abandon the matter, and (4) the lack of prejudice to the nonmoving party if the case is restored to the calendar (*see, Rudy v Chasky*, 260 AD2d 625; *Robinson v New York City Tr. Auth.*, 203 AD2d 351; *Hatcher v Cassanova*, 180 AD2d 664). All four components must be satisfied before the dismissal can be properly vacated (*see, Rudy v Chasky, supra*; *Fico v Health Ins. Plan*, 248 AD2d 432). The plaintiffs satisfied all four components. Accordingly, the Supreme Court should have granted their motion to restore the case. The plaintiffs, however, shall submit to an additional deposition as herein directed. O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.

■ Jose D. Dᴜᴀʀᴛᴇ et al., Respondents, v Eᴀsᴛ Hɪʟʟs Cᴏɴsᴛʀᴜᴄᴛɪᴏɴ Cᴏʀᴘ., Defendant, Fʀᴀɴᴋ Gᴀʙʀɪᴇʟʟɪ, Respon-