■ LARRY JONES et al., Appellants, v CITY OF NEW YORK, Respondent. [715 NYS2d 663] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Mastro, J.), dated October 28, 1999, which denied their motion pursuant to General Municipal Law § 50-e (6) for leave to serve an amended notice of claim and granted the defendant's cross motion, in effect, to dismiss the action for failure to serve a proper notice of claim.

Ordered that the order is affirmed, with costs.

A court may, in its discretion, grant a motion for leave to serve an amended notice of claim where a mistake was made in good faith and the municipality has not been prejudiced thereby (see, Kaminsky v City of New York, 238 AD2d 380). However, where, as here, a municipality is misled by an erroneous notice of claim to conduct an investigation at the wrong site, this circumstance by itself constitutes "serious prejudice" to the defendant, warranting dismissal of the complaint (Eherts v County of Orange, 215 AD2d 524, 525). Accordingly, the Supreme Court properly dismissed the action. Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.

■ JUDITH KINSLER et al., Appellants, v MARILYN R. IOVINO, Respondent. [715 NYS2d 665] —In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (LaTorella, J.), dated December 10, 1999, which denied their motion pursuant to CPLR 3404 to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

In order to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404, the plaintiff must establish: (1) the merits of the case, (2) a reasonable excuse for the delay, (3) the absence of an intent to abandon the matter, and (4) the lack of prejudice to the nonmoving party if the case is restored to the calendar (see, Rudy v Chasky, 260 AD2d 625; Iazzetta v Vicenzi, 243 AD2d 540). All four components must be satisfied before the dismissal can be properly vacated (see, Rudy v Chasky, supra; Iazzetta v Vicenzi, supra). Since the plaintiffs failed to demonstrate either the existence of a meritorious cause of action or a reasonable excuse for their delay, the Supreme Court properly denied their motion to restore the action to the trial calendar. Bracken, J. P., Santucci, Altman and Florio, JJ., concur.