■ EDWIN CRUZ, Respondent, v VOLKSWAGEN OF AMERICA INC., Also Known as and Doing Business as VOLKSWAGEN

UNITED STATES, INC., Appellant. [716 NYS2d 104] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated February 4, 2000, which granted the plaintiff's motion to restore the action to the trial calendar.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

A party seeking to restore to the trial calendar a case which has been dismissed pursuant to CPLR 3404 must demonstrate a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the nonmoving party (*see, McCarthy v Bagner,* 271 AD2d 509; *Rivers v Jamaica Water Supply Co.,* 250 AD2d 661; *Fico v Health Ins. Plan,* 248 AD2d 432). The plaintiff failed to meet this burden. The plaintiff's claim that he was unaware of a trial conference amounts to law office failure, which, under the circumstances, is not an acceptable excuse (*see, Diamond v J.B.J. Mgt. Co.,* 220 AD2d 378; *Robinson v New York City Tr. Auth.,* 203 AD2d 351; *Murphy v City of New York,* 173 AD2d 236; *Condurso v Thumsuden,* 84 AD2d 802). Furthermore, in light of the plaintiff's inactivity regarding the case during the 28-month delay in moving to restore the case to the calendar, the plaintiff also failed to rebut the presumption of abandonment that attaches when a matter has been automatically dismissed (*see, Jeffs v Janessa, Inc.,* 226 AD2d 504; *Michael I. Weintraub, P. C. v Computer Rad,* 209 AD2d 405; *Bohlman v Lorenzen,* 208 AD2d 582). Moreover, since over nine years had elapsed between the date of the plaintiff's accident and the date of his motion to restore the action to the trial calendar, the defendant would be prejudiced if the action was restored to the trial calendar (*see, Fico v Health Ins. Plan, supra; Swedish v Bourie,* 233 AD2d 495; *Carter v City of New York,* 231 AD2d 485). Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.