■ YAHYAK K. YOUSIAN et al., Appellants, v NEW YORK MEDICAL CENTER HOSPITAL OF QUEENS et al., Respondents. [716 NYS2d 695] —In an action, *inter alia,* to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Thomas, J.), dated January 7, 2000, which denied their motion to restore the action to the trial calendar, and granted the separate cross motions of the defendants New York Medical Center Hospital of Queens, Kamyar David Tavakoli, and J. Tinglin, the defendant K.V. Sastry, and the defendant Jorge Gustavo Pardes, to dismiss the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

A plaintiff seeking to restore an action to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate: (1) a meritorious cause of action, (2) a reasonable excuse for the delay in prosecuting the action, (3) a lack of intent to abandon the action, and (4) a lack of prejudice to the nonmoving party (*see, Fico v Health Ins. Plan,* 248 AD2d 432). In an action to recover damages for medical malpractice, the affidavit of merit must be by a physician or other qualified expert, and must state with specificity the expert's observations as to procedures or treatments performed and the alleged deviations from acceptable standards of medical care (*see, Iazzetta v Vicenzi,* 243 AD2d 540; *Miller v City of New York,* 242 AD2d 370). The plaintiffs' submission of an unsigned and redacted physician's affidavit was insufficient to demonstrate merit (*see, Fuller v Tae Kwon,* 259 AD2d 662). Therefore, the Supreme Court properly exercised its discretion in denying the motion to restore the action to the trial calendar, and in granting the separate cross motions to dismiss the complaint.

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Santucci, Altman and Florio, JJ., concur.