■ GARY GROUDINE, Appellant, v DELCO DEVELOPMENT CORP. et al., Respondents, and NORTHVILLE INDUSTRIES CORP., Defendant and Third-Party Plaintiff-Respondent. C.B.I. DRYWALL

CORP., Third-Party Defendant-Respondent. [729 NYS2d 513] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 30, 2000, which denied his motion to restore the action to the calendar.

Ordered that the order is affirmed, with costs.

A plaintiff seeking to restore an action to the calendar after it has been marked off and dismissed pursuant to CPLR 3404 must demonstrate a meritorious cause of action, a reasonable excuse for the delay, a lack of intent to abandon the action, and a lack of prejudice to the defendants if the action is restored (*see, Lopez v Imperial Delivery Serv.,* 282 AD2d 190). Under the circumstances of this case, the Supreme Court properly denied the plaintiff's motion to restore the action to the calendar. The excuse for the four-year delay in moving to restore, that the plaintiff's counsel thought the action had been restored to the calendar by the defendants and had confused this action with another action commenced by the plaintiff's decedent, was not reasonable (*see, Kourtsounis v Chakrabarty,* 254 AD2d 394). Furthermore, in light of the inactivity during that time, the presumption of abandonment that attaches when a matter has been automatically dismissed was not rebutted (*see, Furniture Vil. v Schoenberger,* 283 AD2d 607; *Cruz v Volkswagen of Am.,* 277 AD2d 340).

Moreover, since more than 10 years elapsed between the accident and the motion to restore the action to the calendar, the defendants would be prejudiced if the action were restored (*see, Furniture Vil. v Schoenberger, supra; Cruz v Volkswagen of Am., supra; McCarthy v Bagner,* 271 AD2d 509). Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.