ing that this action was commenced long after the expiration of the applicable six-year statute of limitations (*see* CPLR 213 [1]; *Zuckerman v City of New York,* 49 NY2d 557, 562; *Mazzone v Mazzone,* 269 AD2d 574). Accordingly, the defendants' motion for summary judgment should have been granted and the complaint dismissed.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.

■ Yм Soon Kɪм, Appellant, v Soon Jung Choɪ, Respondent. [749 NYS2d 432] —In an action, inter alia, to recover damages for assault and for property damage, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated September 28, 2001, as denied her cross motion to restore the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

When neither party appeared for trial on January 18, 2001, the Supreme Court dismissed the complaint. The plaintiff's motion to restore was scheduled to be heard on June 26, 2001. The parties submitted a stipulation to adjourn the motion to July 24, 2001, and it was not until July 27, 2001, that they became aware of the fact that the Supreme Court had refused their request and the motion had been "submitted on default." By order dated June 27, 2001, the Supreme Court granted the plaintiff's motion to restore "to the extent that upon service upon the Trial Term Clerk of this Court of a copy of this order, a new Note of Issue and payment of any requisite fees, said Clerk is directed to restore the within action to the [calendar] of this Court for August 22, 2001 at 9:30 A.M."

The plaintiff did not satisfy the above conditions before August 22, 2001, and when the plaintiff tried to restore the matter pursuant to the directions in the order dated June 27, 2001, the clerk informed her that the order was no longer valid and the matter could only be restored by motion.

The defendant, having been served with the ineffective late note of issue, moved to vacate it and to have the case "marked off" with prejudice. The plaintiff cross-moved to restore. By order dated September 28, 2001, the Supreme Court denied the defendant's motion as academic and denied the plaintiff's cross motion to restore, stating that the plaintiff failed to satisfy the requirements necessary to vacate a dismissal (*see* CPLR 5015).

Under the circumstances of this case, where the Supreme Court dismissed the complaint based upon the plaintiff's fail-

ure to appear for trial, in order to restore the action to the trial calendar, the plaintiff was required to submit proof necessary to vacate a default, including, inter alia, the existence of a meritorious cause of action (*see Basetti v Nour,* 287 AD2d 126; *Yousian v New York Med. Ctr. Hosp. of Queens,* 277 AD2d 449). The plaintiff failed to meet this standard. Santucci, J.P., Smith, Goldstein, H. Miller and Mastro, JJ., concur.

■ In the Matter of DENISE DENOBILE, Respondent, v JOSEPH R. TENAGLIA, Appellant. [749 NYS2d 442] —In a family offense proceeding pursuant to Family Court Act article 8, the appeal is from an order of the Family Court, Suffolk County (Hudson, J.), entered December 5, 2001, which, after a hearing, granted the petition for an order of protection.

Ordered that the order is affirmed, without costs or disbursements.

There is no basis to disturb the Family Court's resolution of disputed issues of fact and credibility made after a hearing on the question of whether the husband committed a family offense (*see Matter of Campbell v Desir,* 251 AD2d 402; *Matter of Cutrone v Cutrone,* 225 AD2d 767).

The appellant's remaining contentions either are not properly before this Court or without merit. Feuerstein, J.P., McGinity, Luciano and Schmidt, JJ., concur.

■ In the Matter of SILVIO DESILVA et al., Appellants, v TOWN OF BROOKHAVEN et al., Respondents. [749 NYS2d 730] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Brookhaven, dated February 7, 2001, which denied their application for area variances, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Catterson, J.), entered October 23, 2001, which granted the respondents' motion to dismiss the proceeding and denied their cross motion for an extension of time to serve the respondents pursuant to CPLR 306-b.

Ordered that the judgment is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the petitioners' motion to extend the time in which to serve the respondents pursuant to CPLR 306-b in the interest of justice, despite the expiration of the statute of limitations. The record demonstrates a lack of diligence in effecting service and the failure to demonstrate the existence of a meritorious claim (*see Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95, 105-106; *see Rihal v Kirchhoff,* 291 AD2d 548). Altman, J.P., Goldstein, McGinity and Mastro, JJ., concur.

■ In the Matter of FEDERATED DEPARTMENT STORES, INC. (VALLEY STREAM), Respondent, v BOARD OF ASSESSORS OF