■ PAMELA COSBY, Appellant, v R.G. DELIVERY SERVICE, INC., Defendant and Third-Party Plaintiff-Respondent. LERNER NEW YORK, Third-Party Defendant-Respondent. [756 NYS2d 31] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about March 6, 2002, which, in an action for personal injuries sustained in the course of plaintiff's employment by third-party defendant store when a stack of boxes allegedly delivered by defendant toppled over, denied plaintiff's motion to vacate an order that dismissed the action upon her failure to attend a post-note-of-issue conference, unanimously affirmed, without costs.

Plaintiff claims that her attorney failed to attend the conference because of law office failure, but fails to explain why she waited four years to move to vacate the resulting order dismissing the action, which was reduced to writing on the day of the conference and promptly served with notice of entry by both the delivery company and the store. While plaintiff argues that postdismissal activities indicate that she did not intend to abandon the action, these activities, which mainly involved arrangement of medical examinations and the exchange of medical reports, all took place within a few months of the dismissal. Thus, the motion to vacate the dismissal and restore the action to the trial calendar was properly denied for lack of a reasonable excuse (*see Murphy v City of New York*, 173 AD2d 236). The action also appears to lack merit by reason of the Workers' Compensation Law. Deposition witnesses for both the delivery company and the store testified that the former's employees would leave boxes in the store's freight elevator and that the latter's employees would then take the boxes into the store room and stack them there. In response, plaintiff relies on the recorded statement of the store's manager, given to the delivery company's liability insurer in a telephone interview, that the boxes were stacked by the delivery company's employees. This statement is unsigned and unsworn and otherwise lacks the probative value expected of evidentiary materials offered after a note of issue has been filed. We note that third-party defendant represents that it closed the store where the ac-

cident occurred and that the whereabouts of the former manager thereof are unknown. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Ellerin and Gonzalez, JJ.