■ In the Matter of NOZZLEMAN 60, LLC, Respondent, v VILLAGE OF COLD SPRING ZONING BOARD OF APPEALS, Appellant. [825 NYS2d 107]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Cold Spring Zoning Board of Appeals, dated November 18, 2004, which, after a hearing, confirmed the Village Building Inspector's denial of the petitioner's application for a building permit, and to compel the Village of Cold Spring Zoning Board of Appeals to direct the Village Building Inspector to issue the building permit, the Village of Cold Spring Zoning Board of Appeals appeals (1) from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated February 8, 2005, which, inter alia, directed the parties to submit affirmations on the issue of whether "residential dimensions" should apply to the subject lot, (2) from a judgment of the same court dated March 18, 2005, which granted the petition and directed the Village of Cold Spring Zoning Board of Appeals to direct the Village Building Inspector to issue the building permit, (3) as limited by its brief, from so much of an order of the same court dated June 1, 2005, as, upon reargument, adhered to the prior determination granting the petition, and (4) from an order of the same court, dated July 12, 2005, which denied its motion for leave to renew.

Ordered that the appeal from the order dated February 8, 2005 is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the petition is denied, and the proceeding is dismissed; and it is further,

Ordered that the appeals from the orders dated June 1, 2005

and July 12, 2005 are dismissed as academic in light of our determination of the appeal from the judgment; and it is further,

Ordered that one bill of costs is awarded to the Village of Cold Spring Zoning Board of Appeals.

The appeal from the order dated February 8, 2005 must be dismissed because an order made in a CPLR article 78 proceeding is not appealable as of right (*see* CPLR 5701 [b] [1]), and, in any event, the right of direct appeal therefrom terminated with the entry of final judgment in the proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]; *Coleman v Sammon*, 265 AD2d 367, 369 [1999]).

The determination of the Zoning Board of Appeals (hereinafter the ZBA) of the Village of Cold Spring (hereinafter the Village) confirming the Building Inspector's decision to deny the petitioner's application for a building permit would be arbitrary and capricious if the ZBA did not follow prior precedent and failed to set forth its reason for reaching a different result on essentially the same facts (*see Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 93 [2001]; *Knight v Amelkin*, 68 NY2d 975, 977 [1986]).

Here, the ZBA did not follow prior precedent in making its determination. Indeed, before the petitioner's application, the ZBA had, on more than one occasion, applied the "R-1" zoning district's dimensional requirements to lots within "I-1" zoning districts that had single-family houses. However, in denying the petitioner's application to construct a one-family house on a lot within an I-1 zoning district, the ZBA set forth a "rational" (*Matter of Berk v McMahon*, 29 AD3d 902, 903 [2006]) and "satisfactory" (*Matter of Spandorf v Board of Appeals of Vil. of E. Hills*, 167 AD2d 546, 547 [1990]) explanation for departing from the prior precedent. Although, the ZBA had in the past applied the R-1 zoning district's dimensional requirements to lots within the I-1 zoning districts in violation of the Village's Zoning Code (*see* Cold Spring Village Code §§ 134-7, 134-12), it claimed to have done so mistakenly, and it was "free . . . to correct a prior erroneous interpretation of the law" (*Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 519 [1985]). The ZBA was entitled to "refuse to duplicate" the mistake and was "not bound to perpetuate," its prior error (*Matter of Cowan v Kern*, 41 NY2d 591, 596 [1977]). Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding. Santucci, J.P., Mastro, Fisher and Dillon, JJ., concur.