Irish Hill Century Farm v Tracktman (2025 NY Slip Op 50431(U))

[*1]

Irish Hill Century Farm v Tracktman

2025 NY Slip Op 50431(U)

Decided on March 28, 2025

Civil Court Of The City Of New York, Kings County

Holaman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 28, 2025
Civil Court of the City of New York, Kings County

Irish Hill Century Farm, Plaintiff,

against
Robert Tracktman, Defendant.

Index No. CV-035210-18/KI

Plaintiff's Attorney:
Pragna Parikh, Esq. 
Smith Carroad Levy Wan & Parkih, PC
202 East Main Street
Smithtown, NY 11787
Defendant (pro se): Robert Tracktman

Monique Holaman, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of this motion: Papers
Notice of Motion, Affirmations & Exhibits Annexed 1-2
Opposition & Affidavit Annexed 3
Reply & Exhibits Annexed 4
By notice of motion, IRISH HILL CENTURY FARM ("Plaintiff") moves to vacate the CPLR §3404 administrative dismissal.[FN1]
 Plaintiff also seeks a CPLR § 3215 default judgment against ROBERT TRACKTMAN ("Defendant"). Defendant opposes the motion, arguing service was improper. Upon the foregoing cited papers and respective motions, Plaintiff's motion is DENIED in its entirety.
 Relevant Procedural History and Factual Background
On March 20, 2016, the parties entered a horse breeding contract (Plaintiff's Motion, Exh. E). On December 17, 2018, Plaintiff commenced this case due to Defendant's alleged breach of contract. On January 23, 2019, Plaintiff filed their proof of service. Defendant represents that he was never served in this action (see, Defendant's Opposition). Upon review of the court file, Defendant did not file an Answer and no conferences were held.[FN2]
Plaintiff [*2]maintains that on May 1, 2019, they filed a proposed judgment with the Court (Affirmation of Pragna Parikh, Esq., ¶ 6, hereinafter "Parikh Aff."). Plaintiff represents that their law office followed up on the proposed judgment on September 26, 2019, November 13, 2019, January 23, 2020, July 22, 2021, December 14, 2021, and August 4, 2022 (Parikh Aff., ¶ 6-7). Despite Plaintiff's efforts, the judgment was not entered (Id. at 7).
According to the August 11, 2023 AO, cases that were filed prior to March 17, 2020 and had been inactive since that date, were calendared in Parts 97-98 for administrative dismissal. The AO further explained that from December 22, 2022 through February 23, 2023, a notice was published in the New York Law Journal, on the New York City Civil Court website and posted on signs in every civil Clerk's office. Because of this case's inactivity, it was calendared to Part 98 and administratively dismissed on August 11, 2023.
On March 15, 2024, Plaintiff filed the instant motion to vacate and enter a default judgment. Defendant is pro se and provides a notarized affidavit (dated February 28, 2025) as their opposition. Plaintiff filed their reply on March 6, 2025. During the March 13, 2025 court date, the motions were marked fully submitted. The legal arguments are addressed below.
Plaintiff's Motion to Restore and for Default Judgment
Under CPLR § 3404, a case that is marked "off", struck from the calendar or unanswered and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed. To vacate an administrative dismissal, the Second Department has held: "the plaintiff must establish the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party if the case is restored to the calendar" (Iazzetta v Vicenzi, 243 AD2d 540, 540 [2d Dep't 1997]). "The moving party must satisfy all four components of the test before the dismissal can be properly vacated" (Fico v Health Ins. Plan, 248 AD2d 432, 433 [2d Dep't 1998] citing Roland v Napolitano, 209 AD2d 501 [2d Dep't 1994]).
Plaintiff argues that they have met each factor. Regarding their meritorious cause of action or defense, "Plaintiff respectfully refers the Court to the Complaint and the Affirmation of Facts, executed by a representative of the Plaintiff" (Parikh Aff., ¶ 18-19). Plaintiff explains that CPLR § 3404 requires only a minimal showing of potential merit of the cause of action (Id.). Plaintiff attributes their loss of office staff (three paralegals and two attorneys) and subsequent failure to "diary" this matter, as a reasonable excuse for delay in timely restoring this case (Id. at 17). Plaintiff further argues that their lack of intent to abandon this action is evidenced by their moving papers (Id. at 21). Plaintiff maintains that if their law office had properly maintained their bookkeeping, they would have noticed the Court's dismissal sooner (Id. at 20). Finally, Plaintiff contends that the fourth requirement is met because Defendant has not been prejudiced (Id. at 22).
"Law office failure is rarely an acceptable excuse for failing to expeditiously vacate a CPLR 3404 dismissal..." (Fico, 248 AD2d at 434]). Although the court may accept law office failure as a reasonable excuse, "a claim of law office failure should be supported by a 'detailed and credible; explanation of the default at issue" (Lugauer v Forest City Ratner Co., 44 AD3d 829, 830 (2d Dep't 2007)]). The Court of Appeals has made clear that a "conclusory and unsubstantiated claim of law office failure does not constitute a reasonable excuse" (Okun v Tanners, 11 NY3d 762 [2008]). Here, Plaintiff maintains that the office's loss of staff resulted in their lack of bookkeeping and oversight that this matter was dismissed. However, Plaintiff's explanation rests solely on their affirmation. To demonstrate purported law office failure, an attorney must provide more than a supporting affirmation (see HSBC Bank USA v Hutchinson, 215 AD3d 645 [2d Dep't 2023]). As such, Plaintiff's "law office failure" rationale is [*3]unsubstantiated and insufficient to excuse Plaintiff's 217-day delay in moving to restore this action (March 15, 2024) following its administrative dismissal (August 11, 2023).
Moreover, the Court does not find that Plaintiff's moving papers negate their intent to abandon this case. Notices concerning inactive civil court matters were publicly posted from December 22, 2022 through February 23, 2023. However, Counsel affirms that on August 3, 2022, Plaintiff made their final attempt to contact the court about their proposed judgment (Parikh Aff., ¶ 7). Plaintiff provides no further efforts to communicate with the court between August 2022 and February 2023. Alternatively, Plaintiff could have restored this matter by motion.
Finally, Plaintiff's argument concerning prejudice is without merit. Because more than 7 years have elapsed from the date of the alleged breach of contract (March 20, 2016) to the date of the motion to restore (March 15, 2024), Defendant would unequivocally be prejudiced if this matter were restored (see Gajek v Hampton Bays Volunteer Ambulance Corps. Inc., 77 AD3d 885 [2d Dep't 2010][prejudice found where six years elapsed between the date of the alleged malpractice to the date of the motion to restore]; Bornstein v Clearview Props., Inc., 68 AD3d 1033 [2d Dep't 2009][prejudice found where nine years elapsed between the date of the alleged breach of contract to the date of the motion to restore]; Kalyuskin v Rudisel, 306 AD2d 246 [2d Dep't 2003][prejudice found where more than six years elapsed from the date of the accident to the date of the motion to restore]).
The Court recognizes that the global COVID-19 health pandemic significantly impacted the court system and law office retention. Nonetheless, the judiciary is tasked with the role of implementing fairness and upholding judicial integrity. Here, Plaintiff has failed to meet their prima facie burden to vacate the CPLR § 3404 dismissal. Accordingly, Plaintiff's motion to restore the matter is DENIED and Plaintiff's request to vacate the default judgment is moot.
The foregoing constitutes the Decision and Order of the Court.
Dated: March 28, 2025
Brooklyn, New York
HON. MONIQUE HOLAMAN
JUDGE, CIVIL COURT

Footnotes

Footnote 1: On August 11, 2023, the Administrative Judge of the Civil Court of the City of New York issued an Administrative Order ("AO") regarding all inactive civil actions that were filed prior to March 17, 2020. The instant proceeding fell within the AO's criteria and therefore, was administratively dismissed on August 11, 2023.

Footnote 2: The Court notes that on January 31, 2019, Mr. Tracktman filed a suit against Irish Hill Century Farm under CV-003252-19/KI for an alleged breach of contract. On June 7, 2019, Irish Hill Century Farm's motion to dismiss the Summons and Complaint were granted on default.