■ Melvin Meighan et al., Respondents, v Ricardo Rodriguez et al., Appellants. [730 NYS2d 876] —In an action for specific performance of a contract for the sale of real property, the defendants appeal from a judgment of the Supreme Court, Kings County (Belen, J.), dated November 16, 1999, which, *inter alia*, awarded specific performance to the plaintiffs and directed the appraisal, inspection, and closing of the property to be completed by a date certain.

Ordered that the appeal from so much of the judgment as awarded the plaintiffs specific performance is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that within 30 days after service upon the defendants of a copy of this decision and order, with notice of entry, the parties are directed to schedule an appraisal, inspection, and closing of the subject property; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

On July 9, 1997, the plaintiffs entered into a contract for the purchase of the defendants' real property, which provided that the closing would occur on October 15, 1997. In September 1997 the defendants sought to cancel the contract, claiming that the plaintiffs had not met the contract deadline for obtaining a mortgage commitment.

The plaintiffs, in turn, claimed that they were ready, willing, and able to perform under the terms of the contract, and commenced this action for specific performance. The Supreme Court, *inter alia*, granted the plaintiffs' motion for summary judgment, holding that the mortgage contingency clause did not grant the defendants the option to cancel the contract in

the event that the plaintiffs failed to obtain a mortgage commitment by a certain date.

On September 23, 1998, the Supreme Court signed a judgment (hereinafter the first judgment) which granted the plaintiffs specific performance, directed the defendants to make the premises accessible to the plaintiffs' lender for appraisal and inspection on October 21, 1998, and ordered that the closing take place on November 20, 1998.

The defendants filed a notice of appeal from the judgment, which was subsequently dismissed by decision and order of this Court on October 10, 1999, for failure to timely perfect the appeal.

On December 1, 1998, the defendants moved, *inter alia*, for leave to renew and reargue the plaintiffs' motion for summary judgment. Although denominated as a cross motion for resettlement, the plaintiffs, in effect, cross-moved for leave to renew their motion for summary judgment for the purpose of amending the date fixed for appraisal and to fix a date for the closing of title to the property. The plaintiffs' counsel maintained that his office submitted a proposed judgment in August 1998, and checked on the progress of its signing with the County Clerk's office on a bi-weekly basis throughout September and October 1998. The plaintiffs' counsel further maintained that it was not until the last week of October that the judgment appeared on the clerk's computer, after the date set in the judgment for the appraisal and inspection. The plaintiffs' lending institution required a re-appraisal of the property, as the original appraisal was more than one year old.

By judgment dated November 16, 1999, the Supreme Court adhered to its original determination granting specific performance, directed that the appraisal and inspection take place on or before December 21, 1999, and set the closing for February 15, 2000.

On this appeal, the defendants may not raise issues that were the subject of their prior appeal from the first judgment, which was dismissed for their failure to perfect (*see, Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750; *Bray v Cox,* 38 NY2d 350).

CPLR 2221 (e) provides, *inter alia*, that a motion for renewal shall be based upon new facts not offered on the prior motion that would change a court's prior determination. Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in setting new dates for the appraisal and inspection of the property and closing, as a motion for renewal is flexible (*see, Perla Assocs. v Ginsberg,* 256 AD2d 303;

*Cronwall Equities v International Links Dev. Corp.*, 255 AD2d 354) and the plaintiffs proffered a reasonable explanation for failing to conduct the appraisal and inspection on the date specified in the first judgment (*see,* CPLR 2005; *Kaiser v Delaney,* 255 AD2d 362; *Bustamante v Bustamante,* 144 AD2d 418). Friedmann, J. P., Florio, Smith and Cozier, JJ., concur.