■ EUNICE ST. CLAIRE, Appellant, v TREVOR GASKIN et al., Respondents. [743 NYS2d 529] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jones, J.), dated April 24, 2001, which denied her motion for leave to renew a prior motion to restore the case to the trial calendar, which was denied by order of the same court, dated December 6, 2000.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured in a motor vehicle accident involving both defendants. A note of issue was filed in September 1998, and the case was placed on the trial calendar. On May 17, 1999, the Supreme Court marked the case off the trial calendar after the plaintiff failed to appear at a scheduled court proceeding. By notice of motion dated October 5, 2000, the plaintiff moved to restore the case to the trial calendar, arguing, inter alia, that she had no intent to abandon the matter. By order dated December 6, 2000, the Supreme Court denied the motion. The plaintiff took, but never perfected, an appeal from the order. Consequently, the appeal was dismissed by this Court for failure to prosecute (*see St. Claire v Gaskin,* App Div Docket No. 2001-00705). By notice of motion dated January 10, 2001, the plaintiff sought leave to renew her motion to restore the case to the trial calendar. The plaintiff asserted that during oral argument before the Supreme Court on her motion to restore she discovered the case actually had been marked off the trial calendar on May 17, 1999, not October 26, 1999. The plaintiff argued, inter alia, that she was reasonably mistaken as to the date that the case was marked off the calendar and that she was not aware of the May 17, 1999, court proceeding at which the case was marked off. The Supreme Court denied the plaintiff's motion for leave to renew. We affirm.

In relevant part, CPLR 3404 provides that a case in the

Supreme Court marked off or stricken from the calendar and not restored within one year thereafter shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. It is now settled that CPLR 3404 applies only to cases on the trial calendar (*see Basetti v Nour,* 287 AD2d 126; *Lopez v Imperial Delivery Serv.,* 282 AD2d 190). Where, as here, a motion to restore is made more than one year after the case is marked off, a party must demonstrate a reasonable excuse for the delay in seeking restoration, a meritorious claim, a lack of intent to abandon the action, and a lack of prejudice to the opposing party (*see Shah v Carlton Gardens Hous. Co.,* 286 AD2d 432; *Lopez v Imperial Delivery Serv., supra; Cruz v Volkswagen of Am.,* 277 AD2d 340; *Rudy v Chasky,* 260 AD2d 625). Thus, in support of her motion for leave to renew, the plaintiff needed to proffer both new facts not presented on the prior motion that would warrant the grant of restoration, and a reasonable justification for the failure to have presented such facts on the prior motion (*see* CPLR 2221 [e] [2], [3]; *Greene v New York City Hous. Auth.,* 283 AD2d 458; *Riccio v DePeralta,* 274 AD2d 384; *Delvecchio v Bayside Chrysler Plymouth Jeep Eagle,* 271 AD2d 636, 638; *Guerrero v Dublin Up Corp. of N.Y.,* 260 AD2d 435). In addition, review in this Court is further limited by the dismissal of the plaintiff's appeal from the order dated December 6, 2000. As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal which was dismissed for lack of prosecution, although we have inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750; *Bray v Cox,* 38 NY2d 350; *Meighan v Rodriguez,* 287 AD2d 442; *Estate of Dunphy v Dunphy,* 253 AD2d 409). The plaintiff has not argued or demonstrated any basis for the exercise of such discretion. Given this limited review, we agree that the new facts proffered by the plaintiff in support of her motion for leave to renew were insufficient to change the Supreme Court's prior determination denying the motion to restore. The plaintiff, inter alia, failed to demonstrate a reasonable excuse for her delay in seeking restoration (*see e.g. Cruz v Volkswagen of Am., supra; Rudy v Chasky, supra; Robinson v New York City Tr. Auth.,* 203 AD2d 351). Further, she failed to demonstrate a reasonable justification for her failure to have proffered, in support of her motion to restore, the new facts presented on her motion for leave to renew (*see Greene v New York City Hous. Auth., supra; Riccio v DePeralta, supra; Delvecchio v Bayside Chrysler Plymouth Jeep Eagle, supra*). Thus, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to renew. Ritter, J.P., Smith, Luciano and Crane, JJ., concur.