■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Respondent, v MARILYN E. MATHESON, Appellant, et al., Defendant. [909 NYS2d 638]—

In an action to foreclose a mortgage, the defendant Marilyn E. Matheson appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated May 15, 2009, as denied her motion for leave to reargue and renew her opposition to the plaintiff's prior motion for summary judgment, which had been granted in an order of the same court dated May 1, 2008, and (2) from a judgment of foreclosure and sale of the same court dated December 14, 2009.

Ordered that the appeal from so much of the order dated May 15, 2009, as denied that branch of the defendant's motion which was for leave to reargue is dismissed; and it is further,

Ordered that the order dated May 15, 2009, is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from so much of the order dated May 15, 2009, as

denied that branch of the defendant's motion which was for reargument must be dismissed, as no appeal lies from an order denying reargument (*see Crawn v Sayah*, 31 AD3d 367 [2006]; *Koehler v Town of Smithtown*, 305 AD2d 550, 551 [2003]).

In support of that branch of her motion which was for leave to renew, the appellant needed to proffer either new facts which were unavailable at the time of the prior motion or a reasonable justification for the failure to have presented such facts on the prior motion (*see* CPLR 2221 [e]; *New York Tel. Co. v Supervisor of Town of N. Hempstead*, 76 AD3d 517 [2010]; *Crystal House Manor, Inc. v Totura*, 29 AD3d 933, 933 [2006]). Review in this Court is limited by the dismissal of the appellant's prior appeal from the order dated May 1, 2008. As a general rule, we do not consider any issue raised on a subsequent appeal that could have been raised in an earlier appeal which was dismissed for lack of prosecution (*see Bray v Cox*, 38 NY2d 350, 353 [1976]), although we have the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 756 [1999]; *St. Claire v Gaskin*, 295 AD2d 336, 337 [2002]). The appellant has not demonstrated any basis for the exercise of such discretion.

Given this limited review, we affirm the denial of renewal on the ground that the defendant failed to offer new facts which were unavailable at the time of the original motion or to provide a reasonable justification for failing to present such facts in her opposition to the original motion (*see* CPLR 2221 [e]; *New York Tel. Co. v Supervisor of Town of N. Hempstead*, 76 AD3d 517 [2010]; *Crystal House Manor, Inc. v Totura*, 29 AD3d 933, 933 [2006]). Skelos, J.P., Balkin, Chambers and Austin, JJ., concur.