■ ENVIRONMENTAL TECHNOLOGY GROUP, INC., Appellant, v GANNETT FLEMING PROJECT DEVELOPMENT CORP., Respondent. [942 NYS2d 196]—

In an action to recover damages for breach of contract and unjust enrichment, the plaintiff appeals, as limited by its brief,

from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated February 1, 2011, as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract is denied.

On April 25, 2005, the plaintiff entered into a master services agreement with the defendant to provide environmental cleanup services at a former waste disposal site. Under the terms of the agreement, the defendant was not responsible for the payment of invoices it received from the plaintiff more than 90 days after the plaintiff performed the invoiced work. The agreement also gave the defendant "the unrestricted right" to terminate the plaintiff's services. On January 9, 2007, after certain disputes over billing and cost overruns arose, the plaintiff executed a release in which it agreed to accept the sum of $301,000 as "full payment of [its] services through June 1, 2006." About three weeks later, on January 31, 2007, the defendant terminated the plaintiff's services and instructed the plaintiff to stop all work on the project.

The plaintiff subsequently commenced this action seeking, inter alia, to recover the sum of $514,212.41 for unpaid work billed on 16 invoices. The defendant moved for summary judgment dismissing the complaint, arguing that the plaintiff was not entitled to payment because some of the invoices were submitted more than 90 days after the work was performed, and other invoices sought payment for work encompassed by the release, or performed after the plaintiff was specifically instructed to stop work. The Supreme Court granted, inter alia, that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's cause of action to recover damages for breach of contract. The plaintiff appeals from that portion of the order, and we reverse the order insofar as appealed from.

Contrary to the Supreme Court's determination, the defendant did not make a prima facie showing of its entitlement to judgment as a matter of law dismissing the breach of contract cause of action because it failed to tender sufficient evidence to eliminate all material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 852 [1985]; September's Food Sys., LLC v BRE/ Wellesley Props., LLC, 52 AD3d 680, 681 [2008]; Saxony Ice Co.,

*Div. of Springfield Ice Co., Inc. v Ultimate Energy Rest. Corp.*, 27 AD3d 445 [2006]). The evidence submitted by the defendant did not establish, as a matter of law, that the plaintiff is barred from recovery on its breach of contract claim because all of the subject invoices were either not received within the requisite 90-day period, sought payment for work encompassed by the release, or sought payment for work performed after termination of the plaintiff's services. Indeed, the defendant acknowledged that certain invoices had been previously submitted and received, but failed to identify those particular invoices or state when they were first received. Moreover, three of the invoices, which account for the majority of the total damages claimed, did not specify the dates of service and, instead, made reference to "summary worksheets" that were not included in the defendant's motion papers. Thus, the defendant failed to establish that those three invoices were untimely, or were barred by the release because they actually sought payment for work performed through June 1, 2006.

To the extent that the defendant established, prima facie, that certain invoices were not received within the requisite 90-day period, the plaintiff, in opposition, raised triable issues of fact as to whether the work performed on those invoices was originally billed on invoices submitted in a timely fashion but never paid. In addition, the plaintiff raised triable issues of fact as to whether any failure to submit invoices in a timely fashion was directly caused by the defendant's own actions. "[A] party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition" (*Kooleraire Serv. & Installation Corp. v Board of Educ. of City of N.Y.*, 28 NY2d 101, 106 [1971]; see *ADC Orange, Inc. v Coyote Acres, Inc.*, 7 NY3d 484, 490 [2006]).

Accordingly, the Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract. Skelos, J.P., Dickerson, Eng and Leventhal, JJ., concur. **[Prior Case History: 2011 NY Slip Op 30265(U).]**