*686 In August 2006, the defendant entered into a contract (hereinafter the contract) to sell to the plaintiffs real property used as a horse farm. After the closing was delayed while the plaintiffs attempted to secure a mortgage, the parties entered into an agreement dated November 2, 2006, authorizing the plaintiffs to assume possession of, and operate, the horse farm. After the plaintiffs occupied the premises and paid certain expenses, including real estate taxes, the defendant exercised its option to cancel the contract because the plaintiffs still had not secured a mortgage. The defendant returned the down payment to the plaintiffs and eventually sold the property to a third party. In response to the cancellation of the contract, the plaintiffs commenced this action against the defendant, among other things, to recover damages for breach of contract and to impose an equitable lien on the property to secure repayment of the real estate taxes. After issue was joined, the defendant moved to dismiss the complaint and to vacate the notice of pendency. By order dated May 4, 2007, the Supreme Court denied that branch of the motion which was to dismiss the cause of action to recover money damages in the sum of $75,000 on the grounds, inter alia, that the defendant admitted that the plaintiffs were entitled to reimbursement for taxes paid. However, the court granted those branches of the defendant’s motion which were to dismiss the cause of action seeking to impose an equitable lien on the property and to vacate the notice of pendency, on the ground that the issues raised in the action related only to damages, and not to title to the real property. The plaintiffs appealed from so much of the order as granted those branches of the defendant’s motion, and this Court affirmed the order insofar as appealed from (see Kaya v B & G Holding Co., LLC, 48 AD3d 521, 522 [2008]).
In October 2008, the plaintiffs moved, inter alia, for leave to serve a supplemental summons and amended complaint adding the principals of the defendant as defendants, on the ground that they had “absconded” with the defendant’s assets, despite *687 their knowledge of the plaintiffs’ claims. By order dated April 8, 2009, the Supreme Court denied that branch of the plaintiff s motion as “patently devoid of merit.” The plaintiffs took an appeal from that order, but the appeal was dismissed on February 19, 2010, for lack of prosecution.
After depositions were taken, the plaintiffs moved, inter alia, for leave to renew that branch of their motion which was for leave to serve a supplemental summons and amended complaint adding the principals of the defendant as defendants. In support of their motion, the plaintiffs offered evidence that the proceeds of the sale of the property to a third party were distributed to the principals. The defendant opposed the plaintiffs’ motion and cross-moved for summary judgment dismissing the complaint. The Supreme Court (Jones, Jr., J), among other things, denied that branch of the plaintiffs’ motion which was for leave to renew and, in viewing the complaint as alleging a cause of action to recover damages for tortious interference with prospective economic advantage, granted the defendant’s cross motion for summary judgment dismissing the complaint. The plaintiffs appeal.
The Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiffs’ motion which was for leave to renew (see Deutsche Bank Natl. Trust Co. v Matheson, 77 AD3d 883, 884 [2010]; St. Claire v Gaskin, 295 AD2d 336, 337 [2002]), as the “new” evidence that the plaintiffs submitted in support of that branch of their motion did not alter the analysis applicable to the original motion and would not have changed the prior determination (see CPLR 2221; see generally Lucido v Mancuso, 49 AD3d 220, 222 [2008]).
We disagree, however, with the Supreme Court’s reading of the plaintiffs’ first cause of action as alleging only tortious interference with prospective economic advantage. Fairly construed, that cause of action also seeks damages for breach of contract. In support of its cross motion for summary judgment, the defendant failed to establish its entitlement to judgment as a matter of law dismissing that cause of action insofar as it alleges breach of contract. Accordingly, that branch of the defendant’s cross motion which was for summary judgment dismissing the cause of action alleging breach of contract should have been denied (see Environmental Tech. Group, Inc. v Gannett Fleming Project Dev. Corp., 94 AD3d 943, 944-945 [2012]).
The parties’ remaining contentions either are without merit or need not be addressed in light of our determination. Balkin, J.P., Chambers, Roman and Cohen, JJ., concur.