■ Louis M. Atlas, Respondent, v Francis Smily, Appellant. [68 NYS3d 65]—

Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered May 4, 2016, which denied defendant wife's motion for leave to renew her motion to vacate the parties' June 2015 stipulation; and order, same court and Justice, entered April 27, 2017, which granted plaintiff husband's motion to enforce the stipulation by appointing a receiver to sell the former marital residence, directing the husband to be reimbursed $17,555.25 from the net proceeds of the sale, and ordering the wife to timely pay the mortgage and maintenance on the property until a final sale of the property is effectuated, unanimously affirmed, without costs.

The motion court properly denied the wife's motion to renew since it was not based on new facts that would change the prior determination (CPLR 2221 [e]; *Bank of N.Y. Mellon v Izmirligil*, 88 AD3d 930 [2d Dept 2011]). The "new facts" presented by the wife, concerning the husband's failure to timely file a satisfaction of judgment pursuant to the 2015 stipulation, were wholly unrelated to the court's prior determination that the stipulation was not the product of duress (*see Kaya v B & G Holding Co., LLC*, 101 AD3d 685, 687 [2d Dept 2012]). The wife, under the guise of renewal, actually advances a new legal theory (breach of the stipulation) rather than grounds for renewal of her original motion (invalidity of the stipulation on grounds of duress), and the court properly recognized her efforts to do so were not within the scope of CPLR 2221 (*see Nassau County v Metropolitan Transp. Auth.*, 99 AD3d 617, 619

[1st Dept 2012], *lv dismissed in part and denied in part* 21 NY3d 921 [2013]).

The motion court also properly granted the husband's motion to enforce the stipulation. Although the satisfaction of judgment was not timely filed by the husband, by interim orders of this Court, the wife obtained an additional 6½ months to fulfill her obligations under the stipulation and avoid the sale of the property. The wife's efforts to do so, however, were belated, and minimal. She showed no efforts to try to refinance before March 2016, when she learned the satisfaction of judgment had not been filed, and offered no persuasive explanation as to why she did not try to seek refinancing for the first ten months after the stipulation was entered into. The record contains one apparently unsuccessful effort by her to assume the mortgage, yet the documents concerning that effort do not support her efforts to blame the husband. Nor does she submit any proof in support of her most recent alleged efforts to secure refinancing jointly with her daughter. The wife's conclusory and vague references to these refinancing efforts do not justify further postponements of her deadline.

The wife, moreover, offers no persuasive justification for her failure to keep current on the mortgage, as was her obligation under the stipulation's clear terms. Nor does she provide adequate proof to rebut the husband's clear showing that he paid the monthly obligations on which she defaulted. Concur—Acosta, P.J., Richter, Mazzarelli, Andrias and Gesmer, JJ.