<partyblock>

Jacob Marion, LLC, Appellant,  

against

Hamilton "Doe," Respondent, and Pit "Doe," Occupant.

Leon I. Behar, P.C. (Leon I. Behar), for appellant.

South Brooklyn Legal Services (Nadya E. Rosen and Andrew A. Ortiz), for respondent.

Consolidated

appeals from (1) an order of the Civil Court of the City of New York, Kings County (Gary Franklin Marton, J.), dated August 3, 2015, deemed in part from a final judgment of that court entered April 1, 2016 (see CPLR 5501 [c]), and (2) an order of that court dated June 17, 2016. The final judgment, entered pursuant to so much of the order dated August 3, 2015 as granted a motion by tenant Suzette Hamilton, sued herein as Hamilton "Doe," for summary judgment, dismissed the petition in a holdover summary proceeding. The order dated August 3, 2015, insofar as directly appealed from, denied as moot landlord's cross motion for use and occupancy. The order entered June 17, 2016 denied landlord's motion for leave to renew its opposition to tenant's motion for summary judgment.

ORDERED that the order dated August 3, 2015, insofar as reviewed on direct appeal, the final judgment, and the order entered June 17, 2016 are affirmed, without costs.

Insofar as is relevant to this appeal in this holdover proceeding, the notice of termination and petition allege that tenant Suzette Hamilton, sued herein as Hamilton "Doe," is a month-to-month tenant pursuant to an oral agreement and that the subject apartment is not rent stabilized. As the basis for the claim that the apartment is not rent stabilized, landlord alleged that the apartment had reached a maximum legal rent exceeding $2,000. Tenant's answer asserts that the apartment is subject to rent stabilization. Tenant moved for summary judgment dismissing the petition, attaching printouts from the Division of Housing and Community Renewal (DHCR) which, she claimed, demonstrated that her apartment could not have lawfully reached a rent of [*2]$2,000. Annexed to tenant's papers was a copy of a written lease for the subject premises for a one-year term commencing on August 1, 2010, signed by Alex Varveris as landlord. Tenant's affidavit asserted that Varveris was the prior landlord and that she had paid rent to him.

Landlord opposed the motion, contending that the unit was subject to high-rent deregulation, but did not contest tenant's claim that she had entered into possession pursuant to the proffered written lease. Landlord also cross-moved for an award of use and occupancy.

In an order dated August 3, 2015, following a detailed analysis of the DHCR printouts, the Civil Court concluded, based on the owner-provided information contained in the printouts, that the legal regulated rent for tenant's unit could not have reached the then-applicable threshold of $2,000 per month and that the unit was, thus, rent stabilized. Accordingly, the court granted tenant's motion for summary judgment dismissing the petition. The court also denied as moot landlord's cross motion. Landlord's notice of appeal from the order dated August 3, 2015 is deemed in part to be from a final judgment, entered pursuant to the order, dismissing the petition (see CPLR 5501 [c]).

Following the entry of the final judgment, landlord moved for leave to renew its opposition to tenant's motion for summary judgment, asserting, for the first time in this proceeding, that Varveris had not been authorized to execute a lease with tenant and that landlord itself had never intended to create a tenancy of any kind with tenant. By order dated June 17, 2016, the Civil Court denied landlord's motion for leave to renew, noting, among other things, that landlord's motion did not address the court's holding that the rent for the premises had never crossed the then-applicable deregulation threshold of $2,000 per month. Landlord filed a separate notice of appeal from the June 17, 2016 order, and the appeals were consolidated by this court.

Landlord's contention on appeal that, in support of her motion for summary judgment, tenant did not establish a prima facie showing that she had a valid lease, lacks merit. Thus, there is no basis to disturb the final judgment on landlord's direct appeal therefrom. In view of the dismissal of the petition, landlord's cross motion for use and occupancy was properly denied (see Esposito v Larig, 52 Misc 3d 67 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).

In support of its motion for leave to renew, landlord was required either to present new facts which were unavailable at the time of its opposition to tenant's motion for summary judgment or a reasonable justification for the failure to have presented such facts on the prior motion (see CPLR 2221 [e]; Deutsche Bank Natl. Trust Co. v Matheson, 77 AD3d 883 [2010]). As landlord failed to provide either, and, as noted by the Civil Court, failed to address the court's determination that the rent for the premises had never crossed the deregulation threshold, the court properly denied landlord's motion (see Caraballo v Kim, 63 AD3d 976 [2009]; Dinten-Quiros v Brown, 49 AD3d 588 [2008]; Madison v Tahir, 45 AD3d 744 [2007]).

We note, in any event, that landlord's new theory
contradicts its notice of termination and its petition. Since predicate notices cannot be amended (see Chinatown Apts. Inc. v Chu Cho Lam, 51 NY2d 786, 788 [1980]), landlord's new theory fails to provide a rationale for disturbing the Civil Court's grant of summary judgment to tenant.

Accordingly, the order dated August 3, 2015, insofar as reviewed on direct appeal, the final judgment, and the order entered June 17, 2016 are affirmed.

PESCE, P.J., WESTON and ALIOTTA, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: February 09, 2018

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>